T. J. JONES *v.* THE BOARD OF COMMISSIONERS OF BLADEN COUNTY.

Suits against the board of county commissioners ought to be brought in the county of which they are commissioners. (C. C. P., sec. 67.)

RODMAN, J., dissenting.

(*Johnson* v. *Commissioners of Cleaveland,* 67 N. C. Rep. 101: *Alexander* v. *Commissioners of McDowell,* Ibid. 330, cited and approved.)

CIVIL ACTION, tried by *Buxton, J.,* at Spring Term, 1873, of the Superior Court for CUMBERLAND county.

The suit was brought to the Spring Term, 1873, of the Court of Cumberland county, at which term the plaintiff, a

resident of that county, filed his complaint, seeking the recovery of a bond given by the chairman of the late Court of Pleas and Quarter Sessions of Bladen county, in December, 1864, for $16,000.

Defendants appeared by counsel and moved to dimiss the suit for want of jurisdiction, contending that the same should have been brought to the Superior Court of Bladen. His Honor being of that opinion, allowed the motion and dismissed the suit.

The plaintiff excepted to this ruling of the Court, because, 1st, the action being for a debt only, plaintiff can sue in the county where he resides; and 2d, because his Honor erred in dimissing the action. If the county of Cumberland is not the proper county, he ought only to have ordered a change of venue to Bladen county, and from the judgment of his Honor, plaintiff appealed.

*B.* and *T. C. Fuller* for appellant :

1. The action is well brought to the county where plaintiff resides, for

*a.* It is a transitory action, being for the debt only.

*b.* The venue in the action is not by any statute excepted out of the general rule.

Section 67, C. C. P., does not apply, because the action is not against public officers on account of anything they have done, but is against the municipal corporation for a debt owing to plaintiff.

Section 67 applies to penalties and forfeitures and suits in the nature of such, as is evident from the text and context. Clause 1 is for a penalty or forfeiture *eo nomine.* Clause 2 is virtually such by reason of its connection with the preceding—*noscitur a sociis*—and for the further reason that the action contemplated by that clause is not confined to public officers, but is extended also to the servants, or

agents, or assistants of the officer, clearly implying that the action must be for other acts than those which make a corporation only responsible for a debt.

In our case, the clerk (Blue) witnesses and seals the bond. Would an action lie against him for this act under section 67? The present commissioners are the successors of those who made the obligation. A suit for the *act* done would never lie against them, but must be brought against the parties doing the act.

2. It is admitted that if this action was for a *mandamus*, it ought to be brought in the county of Bladen, for 1st, it would then be for an act done by the defendants as public officers, viz: refusing to pay, or to levy a tax to pay the plaintiff's debt; 2d, it would be in the nature of a penal action, and the defendants would be subject to a penalty *as individuals* for their disobedience.

And upon this last point the Supreme Court started the doubt expressed in *Johnson* v. *Commisioners of Cleaveland*, 67 N. C. Rep., 101. This is put in a more positive form, and the point may be considered as settled in *Alexander* v. *Commissioners of McDowell*, Ibid, 330, as to action of *mandamus*. But it is submitted that the authority goes no further than to this and similar actions.

3. No particular stress is laid upon the way in which the objection is brought forward; and it may be that, in a proper case, when the matter urged appears on the face of the complaint, a motion to dismiss may be entertained. See *Kingsbury* v. *Chatham Railroad Company*, 66, N. C. Rep. 284.

But the Court below ought not to have dismissed the action. The most it should have done was to make an order to remove the trial to Bladen county. This certainly would have met all objections, and would have saved what has been done by way of amendment, which the Court

ought always to make. And this is the cause specially provided by sec. 60, C. C. P.

But the Court will not do even this *mero motu*, nor on motion, but only on the demand of the defendant in writing, before the time of answering expires. Section 69, *supra*. And it is to be noted that chap. 6, C. C. P., is a provision for the place of trial, differing from Rev. Code, chap. 37, which provides when actions shall be commenced.

*Strange, N. McKay* and *Sutton*, contra.

READE, J. C. C. P., sec. 67, provides that actions against public officers shall be brought in the county where the cause of action arose. And we have already said in two cases *Johnson* v. *Commissioners of Cleaveland*, 67 N. C. Rep. 101, and *Alexander* v. *Commissioners of McDowell*, Ibid. 330, that suits against county commissioners ought to be brought in the county of which they are commissioners.

That is the only point in this case.

There is no error.

RODMAN, J. *dissentinte.* I regret that I cannot agree with my learned associates, and as the question is of some importance, I will briefly give my reason, C. C. P., sec. 67 requires the action to be brought where the cause of action arose. The question is, where did it arise? The contract was made in Bladen; it was to pay money, not at any particular place, but generally, and on a certain day. In such a case I think the principle is settled, that the debtor is bound to seek the creditor if he lives within the State, and pay him where he may be. The failure to pay is the cause of action. It is true that in one sense the making of the note is the cause of action, as without it no cause of action could ever have arisen. But it is equally true that if General McKay had never made the bequest which caused the county to need to

borrow the money, the note sued on would never have been given. The law looks only to the proximate cause, for if it regards any beyond that, it undertakes to follow out an endless chain with innumerable branches.

The proximate, and in a legal sense, *the* cause of action was *the breach* of the contract, which occurred in Cumberland where the creditor lived, and where it was the duty of the debtor to make the payment. I know of no reason of public convenience or policy which puts municipal corporations upon a different footing from individual debtors, in respect to the duty of seeking the creditor. If they choose, they can make their notes payable at their own county town. But when the contract is to pay generally, it must be governed by the ordinary law.

We have no right to insert a stipulation which the parties did not.

PER CURIAM.                    Judgment affirmed.