## W. A. STEELE *v.* COMMISSIONERS OF RUTHERFORD.

The Acts of 1870–'71, chap. 42, secs. 1 and 2, (Bat. Rev. chap. 18, secs. 1 and 2,) and of 1871–'72, chap. 45, do not change the *venue* of any action; and therefore, actions against a Board of County Commissioners, must be brought in the county of such Commissioners.

RODMAN, J. *dissentiente.*

(*Jones* v. *Commissioners of Bladen,* cited and approved.)

CIVIL ACTION, for the recovery of certain interest, tried on demurrer, by *Moore, J.,* at the July (Special) Term, 1873, of the Superior Court of MECKLENBURG county.

Plaintiff sued defendants, who compose the Board of Commissioners of Rutherford county, to the Superior Court of Mecklenburg, the county in which he, the plaintiff, resided.

Defendants demurred, alleging as a cause, that the action should have been brought in the county of which defendants were officers, to wit; Rutherford.

His Honor sustained the demurrer, dismissing the action, and gave judgment against the plaintiff for costs; from which judgment he appealed.

*J. H. Wilson,* for appellant.

*Carson,* and *J. C. L. Harris,* contra, submitted:

I. Court did not have jurisdiction: Sec. 67, C. C. P.: "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the Court to change the place of trial, in the cases provided in this Code."

1. "For recovery of penalty, &c."

2. "Against a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid, shall do anything touching the duties of such officers;" *Jones* v. *Commissioners of Cleaveland,* 67 N. C. Rep. p. 101, *Alex-*

*ander* v. *Commissioners of McDowell,* 67 N. C. Rep. p. 330 ; *Jones* v. *Commissioners of Bladen,* 69 N. C. Rep. p. 412.

II. Demand must be made on the proper officer of the county and refused, and defendants must have notice of such demand and refusal. *Love* v. *Commissioners of Chatham,* 64 N. C. Rep. p. 606 ; *Alexander* v. *Commissioners of McDowell,* 67 N. C. Rep. p. 330.

READE, J. The question is as to the proper *venue* of the action. In *Jones* v. *Commissioners of Bladen,* at last Term, 69 N. C. Rep. 412, it was held, " That suits against the County Commissioners ought to be brought in the county in which they are commissioners." And that case was supported by two other cases therein cited. The case was well considered, as will appear by the fact that the Court were divided. And the case was also well argued, as will appear by the brief of the plaintiff's counsel, who argued against the conclusion to which the Court arrived. As that is the only point in this case, it would probably have been considered as settled, but for the fact that the decision was put upon C. C. P. sec. 67 ; and it is supposed that there are two subsequent statutes which have changed the 67th sec. C. C. P., and which were not called to the attention of the Court on the argument, nor cited in either of the opinions. Out of respect for the learned counsel who argued this case, we consider the point anew, and with reference to the subsequent statutes.

C. C. P. Sec. 67, upon which the decision in *Jones* v. *Commissioners of Bladen, supra,* was founded, provides that " actions for the following causes must be tried in the county where the cause or some part thereof arose : * * * * * against a public officer ; * * * for an act done by him in virtue of his office." &c. From this we inferred that public officers must be sued in their own counties.

The dissenting opinion of our learned brother RODMAN was based upon the first clause above, and upon his conclusion that the *proximate* cause of action was the failure of the commis-

sioners of Bladen to seek their creditor, who lived in Cumberland county to which the suit was brought, and pay him his debt.   We did not think that the failure to pay the debt was the cause of action spoken of in the statute ; but that the debt itself was the cause of action.   And that the expression, " where the cause of action *arose*" meant where the debt was contracted or originated.   And that view is strengthened by the second clause above, " against a public officer   *   *   * for an act done by him by virtue of his office."   Now as an officer's official acts are confined to his county, and as the cause of action is his official act, it follows that the cause of action spoken of " *arose*" in the county in which the Commissioners acted, and not out of their county where they did nothing "by virtue of his office."   It seemed to us to be the policy to require that all public officers, when sued about their official acts, should be sued in the county where they transact their official business.   And the same policy is extended to executors, administrators and guardians, where they are sued. *Stanly* v. *Mason, adm'r.*, 69 N. C. Rep. 1.

We will now examine the subsequent legislation.   It is provided in the Code that all civil actions shall be returnable before the Clerk of the Superior Court *in vacation*.   And a speedy remedy was provided to obtain judgment.   The Legislature determined to alter that, and require them to be returned *in term time*, and to delay the final judgment.   To do that, they passed an act " to suspend the Code of Civil Procedure ;" and in which it is provided that " all civil actions shall be returnable in term time."   "It shall be returnable to the regular term of the Superior Court of the county where the plaintiff or the defendant resides."

Now it is apparent to us that it is no part of the purpose of this act to alter the special provision which had been made in regard to suing public officers.   The main object, as has been said, was to change the return from the Clerk in vacation to the Judge in term time, and if any alteration of the *venue* of

actions intended, it was only in regard to actions generally, and not the exceptional action against public officers.

But it is apparent that the act aforesaid did not intend to change, and does not change, the *venue* of any action.  It provides that the summons shall be returnable to the Superior Court, in term time, and not before the Clerk, in vacation.  "It shall be returnable to the regular term of the Superior Court of the county."  What county ?  Why, of the county, " where the plaintiff or the defendant resides."   Observe that it is not returnable to the county where the plaintiff resides, nor yet to the county where the defendant resides, but to either.   Just as if it had said it must be returnable in term time and not in vacation ;  but as to the county, whether of the plaintiff or the defendant, must remain as it now is.   Acts 1870–'71, ch. 42, S. 1 and 2, Bat. Rev., ch. 18, S. 1 and 2.

And so in 1871–'72, an act was passed which provides that in " applications for *mandamus* when the plaintiff seeks to enforce a money demand, the summons shall issue and be made returnable as in the foregoing act."   How returnable ?   Evidently in term time and not in vacation.   That is all that is meant, as is evident from what immediately follows : In all other applications for *mandamus*, the summons shall be returnable at Chambers, Bat. Rev. ch. 17, S. 381.

The foregoing are the statutes which were cited and relied on as changing the *venue* of actions against public officers. We do not think they change the *venue* of *any* actions.   But if any, then only actions generally, and not those which are exceptional.

There is no error.

PER CURIAM.                    Judgment affirmed.