*State on relation of JOHN B. CLOMAN v. ARCHIBALD STATON
and others.

*Practice—Guardian Bond—Removal of Action Brought in Improper*
*County.*

1. A guardian bond is an *official* bond within the meaning of C. C. P. §
65, ( a ).
2. An action upon a guardian bond, brought in a County other than
the one wherein the bond was given, is triable in such County un—
less the defendant moves to remove the action to the proper County.
3. In such case a motion by the defendant to dismiss the action should
be treated as a motion to remove.

( *Stanly* v. *Mason*, 69 N. C. 1 ; *Steele* v. *Commissioners of Rutherford*,
70 N. C. 137 ; *Jones* v. *Commissioners of Bladen*, 69 N. C. 412, cited
distinguished and approved.)

CIVIL ACTION tried at Fall Term, 1877, of EDGECOMBE Su-
perior Court, before *Cannon, J.*

This was an action upon a guardian bond executed by the
defendants. Upon return of the summons the defendants
moved to dismiss the action, for that, the bond and returns
of the guardian were made in the County of Martin, where
the guardian qualified and resided, and insisted that the
action should have been brough in Martin instead of
Edgecombe. The plaintiff resisted the motion, contending
that the plaintiff being a resident of Edgecombe, the venue
was properly laid; and that at most the action could only
be removed to Martin for t i l if the defendants should
move for a removal. The Court being of opinion with de-
fendants, dismissed the action, and thereupon the plaintiff
asked His Honor to remove it to Martin for trial, which
was refused, and the plaintiff appealed.

*Smith, C. J. having been of counsel did not sit on the hearing of
this case.

*Messrs. Geo. Howard, Gilliam & Gatling,* and *J. L. Bridgers, Jr.,* for plaintiff.
*Mr. Jas. E. Moore,* for defendants.

READE, J.   There is no doubt that Edgecombe, where the plaintiff lived, was not the proper County, and that Martin where the defendant lived, and gave his guardian bond, was the proper County in which to try the suit upon the guardian bond.   C. C. P. § 68 (a); *Stanly* v. *Mason,* 69 N. C. 1; *Steele* v. *Commissioners of Rutherford,* 70 N. C. 137.   A guardian bond is an "official bond" within the meaning of the statute.

In the cases heretofore before the Court, the main question was as to the proper County, but in this case the question is also made as to the time and manner of raising the question, and the party which is to raise it.

It seems that upon the return of the summons to the wrong County, the right of the defendant is "to demand that the trial be had in the proper County."   If he does not so demand, then the action may go on and be tried in the wrong County.   C. C. P. § 69.

The defendant did not move to "remove to the proper County," but his motion was to dismiss the action so that it could not be tried in either County.   Whereas the statute says that it may be tried in the wrong County to which it is brought unless the defendant will move to "remove to the proper County."

It is true that in the cases cited, the defendant's motion was to dismiss, as in this case, and they were dismissed. But the point was not made that the proper motion was to "remove" and not to dismiss.

In *Jones* v. *Commissioners of Bladen,* 69 N. C. 412, an erroneous report of the case puts the Court in the fault of overlooking a point in the case.   The report says that there was a motion below not only to dismiss but to remove, and

CLOMAN v. STATON.

the counsel's brief says the same thing, while in the opinion of the Court it is stated that the motion to dismiss was the only point. I find in looking into the original papers that the opinion of the Court was right. The record shows that the only motion was to dismiss, and the Judge's case states the same.

The object in those cases seemed to be to determine only the question as to which was the proper County. But here the point was raised and insisted on by the plaintiff that if Edgecombe was not the proper County, and Martin was, then that it ought to be removed to Martin. And that distinguishes this case from the others.

The plaintiff brought his action in Edgecombe, where he was willing to try it, and where it was triable, unless the defendant should demand that it should be tried in Martin. He did not demand that it should be tried in Martin, but objected to its being tried at all, and His Honor dismissed it. In this there was error. His Honor ought to have treated it as a motion to remove, and removed it accordingly.

The objection that the plaintiff did not move in apt time, i. e., not until after the order dismissing the action, has no force in it; for the reason that the plaintiff was not obliged to move for removal at all. It was for the defendant to make that motion, and upon his failure to do so, the case might have been tried in Edgecombe. Or under sub-division (1) of § 69 C. C. P., the Court might have removed the case upon the suggestion of either party, or probably *mero motu.*

There is error. This will be certified, &c.

PER CURIAM.                              Judgment reversed.