WOODARD v. SAULS.

(Filed March 1, 1904).

VENUE—*Claim and Delivery—Removal of Causes—Personal Property—*
*The Code, secs. 190, 195—Acts 1889, ch. 219.*

> Where the recovery of personal property is not the sole or chief
> relief demanded, an action need not necessarily be brought in
> the county in which the property is located.

ACTION by S. A. Woodard against J. R. Sauls, heard by
*Judge G. S. Ferguson,* at December Term, 1903, of the Su-
perior Court of WILSON County. From a judgment for the
plaintiff the defendant appealed.

*F. A. & S. A. Woodard* and *Shepherd & Shepherd,* for
the plaintiff.
*Pou & Brooks, W. A. Finch* and *Pou & Fullen,* for the
defendant.

CLARK, C. J. This action was brought in Wilson Su-
perior Court by plaintiff, who resided in that county, and
summons was served on the defendant by the Sheriff of John-
ston. The complaint avers that the defendant is indebted
to the plaintiff by promissory note, and for further large
sums in which the plaintiff is liable as surety for defendant,
and that to secure such indebtedness the defendant had turned
over to the plaintiff sundry notes, a large portion of which
were due by residents of Wilson County and secured by
property in said county; that the defendant afterwards got
possession of a portion of said notes to be collected by him
as agent of plaintiff and applied on said indebtedness, which
defendant has not done, and that defendant got possession of
another portion of said collaterals surreptitiously, without
the knowledge or consent of the plaintiff, and retains the

same, to recover which notes the plaintiff sued out the ancillary proceeding of claim and delivery. Further, the complaint avers that the defendant transferred to him a debt against one Lee Sauls, which the latter refused to pay on the ground that the defendant has notified him not to pay the same, and that the defendant is a resident of Wilson, but temporarily in Johnston County, and asks judgment for the recovery of the sum due by said promissory note and for liability on the other indebtedness as to which plaintiff is surety, also for the recovery of the Lee Sauls debt and for recovery of said collateral notes by claim and delivery and judgment upon the replevin bond given by defendant in said claim and delivery proceedings. The defendant filed an affidavit averring that he is a resident of Johnston County and the notes sought to be recovered are situated in that county, and asking a removal of the cause.

The Judge did not find the fact whether defendant was a resident of Johnston County or not, and refused to remove the cause. Had he found that the defendant was in fact a resident of Wilson the finding would have been final, and the cause might well be sent back, to the end that this fact might be passed upon, as the Court does not pass upon questions of law upon a hypothetical state of facts. It is also clear, though no objection has been made on that ground, that Lee Sauls is a necessary party to the action, unless a nonsuit is entered as to that part of the complaint or by amendment he be now made a party.

But passing by these matters, the only point presented by the appeal is the refusal to remove, the defendant contending that by The Code, section 190 (4), as amended by chapter 219, Laws 1889, this being an action for "recovery of personal property," should be brought in the county of Johnston, and hence is removable thither, the defendant having demanded a removal in apt time under The Code, section 195.

This would be true if it had been found as a fact that the defendant was a resident of Johnston County and the notes were there and the recovery of the personalty was the sole relief demanded, or even the chief relief, the other being incidental, as in *Mfg. Co. v. Brower*, 105 N. C., 440; *Connor v. Dillard*, 129 N. C., 50. But here the obtaining personal judgment for the amount due and the determination of the liability incurred by the plaintiff as surety and adjudging the collaterals named should be applied thereto were the chief causes of action. The recovery of possession of the collateral notes was incidental.

Action for the recovery of the debt against Lee Sauls was necessarily brought in Wilson.

No error.