BROWN v. COGDELL.

(Filed September 20, 1904.)

1. APPEAL—*Removal of Causes—Personal Property.*

An appeal may be taken from the refusal of a motion to remove an action for the recovery of personal property, and such removal is a matter of right.

2. VENUE—*Claim and Delivery—Personal Property—The Code, sec. 190, subsec. 4—Acts 1889, ch. 219.*

The venue of actions for the recovery of personal property is in the county where the property is situated, though the ancillary remedy of claim and delivery is not resorted to.

ACTION by James Brown against Samuel Cogdell, heard by *Judge T. A. McNeill* at April Term, 1904, of the Superior Court of PITT County. From a judgment for the plaintiff the defendant appealed.

*Jarvis & Blow,* for the plaintiff.
*Grimes & Grimes,* for the defendant.

CLARK, C. J.    This is an action for the recovery of personal property.    The plaintiff is a resident of Pitt County and both of the defendants reside in Beaufort County, where also the property seized and the subject of the action was situated.

The appeal from the refusal of the defendant's motion to remove the cause to Beaufort County was not premature. *Connor v. Dillard,* 129 N. C., 50; *Roberts v. Connor,* 125 N. C., 45; *Alliance v. Murrill,* 119 N. C., 124.    Actions for the recovery of personal property are properly triable in the county in which such property is situated.    The Code, sec. 190 (4), as amended by Laws 1889, ch. 219.    This

is true whether the ancillary remedy of claim and delivery is resorted to or not, since the latter is simply to obtain possession of the property before judgment or security for its being forthcoming if the plaintiff obtains judgment.

In *Smithdeal v. Wilkinson,* 100 N. C., 52, it was held that the requirement, The Code, sec. 190 (4), that an action for "the recovery of personal property" should be tried in the county where the property is situated, was restricted to personal property, "distrained for any cause." Thereupon the Act of 1889, chapter 219, struck out the restriction and made the venue for the "recovery of personal property" in all cases the county where the property is situated.

The recovery of personal property being the chief object of this action, and not merely an incidental matter (*Woodard v. Sauls,* 134 N. C., 274), and the motion to remove having been made "in writing" and in apt time, *i. e.,* "before the time of answering" expired, the removal was a matter of right, not of discretion. *Mfg. Co. v. Brower,* 105 N. C., 440; *Jones v. Statesville,* 97 N. C., 86. In refusing the motion to remove there was

Error.