EDGERTON v. GAMES.

(Filed October 9, 1906).

*Recovery of Personal Property—Venue—Removal.*

Where a complaint sets out three different causes of action, one of which is for the recovery of personal property, the Court properly granted the defendant's motion to remove the cause to the county in which such property is situated.

ACTION by G. L. Edgerton and another against Charlie Games, heard by *Judge W. B. Council* at the April Term, 1906, of the Superior Court of WAYNE, on a motion by the defendant to remove the cause to Johnston County for trial. From the order of removal the plaintiffs appealed.

*W. C. Munroe* for the plaintiffs.
*Dortch & Barham,* and *J. A. Wellons* for the defendant.

CLARK, C. J. The complaint alleges that the defendant procured a horse from the plaintiffs in Goldsboro on an agreement that if the plaintiffs would let him take the horse to his home in Johnston County to see if he would plow, and if he liked the horse he would bring him back the following Monday and would give plaintiffs in exchange a horse which he left with them and $80; that the defendant has not returned the horse, and has refused on demand to give him up, and that the defendant obtained the possession of the horse by false and fraudulent representations, with the fraud-

ulent intent to defraud plaintiffs, and asks for judgment for $80, for a decree that the horse of defendant left in their possession be decreed their property; that it be adjudged that they have a lien upon the horse defendant has for $80, and that he be sold to pay the same; that they recover possession of their horse in possession of defendant and for recovery of $500 damages. Ancillary proceedings in claim and delivery were taken out. The defendant gave bond and retained possession of the horse.

The plaintiffs have practically set out three different causes of action, though they are not separately and distinctly stated and numbered: 1. Affirming the "swap," asking for judgment for $80 boot, and that the defendant's horse left with them be decreed to be their property, and for declaration of a lien for $80 on the horse the defendant has in possession.

2. Disaffirming the contract, and seeking to recover the horse the defendant carried off.

3. Alleging that the defendant obtained the horse by fraud and misrepresentation, and asking his recovery and $500 damages.

Whether his Honor was correct in holding that the second was the chief cause of action, it is certainly one cause of action, and the Judge properly granted the defendant's motion to remove the cause to Johnston County. This cause differs vitally from *Woodard v. Sauls,* 134 N. C., 274. In that case there was but one cause of action, the recovery of the amount due plaintiff on a promissory note, and the recovery of sundry collaterals was asked for the purpose of applying their proceeds to the discharge of the judgment on the note. Here, on either the first or third cause of action, there is no legal ground to recover possession of the horse. That could be had only upon the second cause of action, and if had upon that cause of action the horse could not be applied, as in *Woodard v. Sauls, supra,* upon any recovery upon the other causes of action.

No Error.