STATE ex rel. J. P. McCULLEN v. SEABOARD AIR LINE
RAILWAY.

(Filed 26 February, 1908).

1. Penalty Statutes—Revisal, sec. 420—Venue.

An action for the recovery of a statutory penalty must be
brought in the county where the cause of action, or some part
thereof, arose. Revisal, sec. 420.

2. Courts—Judicial Notice—System of Railroads.

The Court will take judicial notice of the location of an impor-
tant system of railroads with reference to the counties of the
State through which it passes.

3. Venue—Wrong County—When Removed.

When the *venue* of a suit is to the wrong county, it may be tried
therein, unless the defendant, before the time of answering ex-
pires, demands in writing that trial be had in the proper county.

4. Jurisdiction—Demurrer—Wrong Venue, How Taken Advantage of.

While the question of jurisdiction can be raised by demurrer
(Revisal, sec. 474), the question of *venue* is different, and cannot
thus be taken advantage of.

CIVIL ACTION, heard before *Lyon, J.*, at November Term,
1907, of the Superior Court of CRAVEN County, upon demur-
rer to the complaint.

Plaintiff sued upon two causes of action:

1. For special damages, caused by unreasonable delay in
transporting goods from Raleigh, in Wake County, to Laurin-
burg, in Scotland County.

2. For penalty imposed for unreasonable delay by Revisal,
sec. 2632.

Suit was brought in Craven Superior Court, the residence
of plaintiff. Defendant demurred and assigned several causes
of demurrer, but relied, in this Court, only upon the third
ground: "The defendant demurs to the jurisdiction of this
court over the action for penalty for delay in transportation
of freight, because it does not appear that the cause of action,
or any part thereof, arose in Craven County." His Honor
overruled the demurrer. Defendant appealed.

*R. A. Nunn* for plaintiff.
*Day, Bell & Allen* and *W. W. Clark* for defendant.

CONNOR, J.   While it does not so appear upon the face of
the complaint, we take judicial notice of the fact that the Sea-
board Air Line Railway Company does not pass through the
county of Craven; hence no delay could have occurred in
transporting plaintiff's goods in that county.   Revisal, sec.
420, prescribes that an action for a penalty imposed by statute
must be brought in the county where the cause of action, or
some part thereof, arose.   Defendant concedes that, if the
action is brought in the wrong county, the court, upon motion,
will not dismiss, but remove the action to the proper county.
The statute (Revisal, sec. 425) provides that, if the county
named in the summons be not the proper county, it may be
tried therein, unless the defendant, before the time of answer-
ing expires, demands in writing that the trial be had in the
proper county, etc.   It is manifest that the question of *venue*
is different from that of jurisdiction, which can be raised only
by demurrer.   Revisal, sec. 474.   The demand for removal
is in no proper sense equivalent to a demurrer for that the
court has no jurisdiction.   In *Rankin v. Allison,* 64 N. C.,
673, it is said the Court "might consider the answer" an
application for removal.   It did not do so, and we are not
disposed to consider the remark of the Court as an authority
requiring us to dispense with an express statutory provision.
The Code of Civil Procedure had but lately been adopted, and
this Court frequently overlooked a failure to comply strictly
with its provisions.   In *Cloman v. Staton,* 78 N. C., 235, it
is said that a motion to dismiss because the action is brought
in the wrong county will be treated as a motion to remove.
In that case the court below dismissed the action.   These two
cases are not decisive of the question presented here.   It is
the manifest purpose of the law to require the defendant to
make the motion for removal at the earliest opportunity; to
the end that the objection be either waived or disposed of, so

that the parties may not be delayed in coming to an issue upon the merits. The statute is explicit, and we find no authority in the court to make it "of none effect." Departures from well-settled rules prescribed for judicial procedure produce delay in the trial of causes, too often resulting in denial of justice. His Honor properly overruled the demurrer. It would seem that, as the action in respect to the first cause was properly brought in Craven County, and the two causes of action arose out of the same transaction, both the letter and spirit of the law would be met by permitting them to be tried in that county; otherwise, the court would be compelled to separate the two causes of action and direct the removal of one to another county, retaining the other. The two causes of action are permitted to be joined because they arise out of the same transaction. It is manifest that practically the same evidence will be relevant in the trial of both causes of action.

Our attention is called to the decision in *Edgerton v. Games,* 142 N. C., 223. It will be observed that, while there were three causes of action set forth in the complaint, each of them involved title to the horse, which was the real subject-matter of the controversy. If plaintiff recovered upon either cause of action, he claimed the horse. The distinction between that case and the one before us is obvious. Here no property is claimed; only a money judgment can be rendered in any aspect of the case. His Honor was right in refusing to remove the cause. The judgment must be

Affirmed.