CHRISTINE CLOW v. A. L. McNEILL AND WIFE.

(Filed 5 November, 1914.)

1. **Actions—Venue—Accounting—Personal Property—Incidental Relief.**

   Where the main relief sought in an action is for an accounting by the defendant of promissory notes, moneys, and other personal property of the plaintiff's in his hands, and the possession of the property is incidental thereto, it is error for the court to remove the cause to the county of the defendant's residence upon his motion therefor; and where it is alleged that the defendant wrongfully induced the plaintiff to sign a paper, falsely representing it to be a power of attorney for certain purposes, which in fact was a deed to lands, that the defendant sold these lands and had received certain moneys, notes, etc., therefor, to the possession of which the plaintiff was entitled, and demanded an accounting and settlement, the defendant's motion to remove should be denied.

2. **Same—Jurisdiction—Equity—Injunction.**

   Where the court erroneously orders a cause of action removed to the county of the defendant's residence, upon the ground that it was an action to recover personal property, the main relief sought being that for an accounting, and at the same time continues the plaintiff's restraining order, arising in said cause, to the final hearing, exception to the latter order on the ground that it was made in a county where the court was without jurisdiction cannot be sustained.

APPEAL by both parties from *Cooke, J.*, at August Term, 1914, of CUMBERLAND.

This action was commenced in the county of Cumberland, summons being returnable to the August Term, 1914. Plaintiff is a resident of the county of Cumberland, and the defendant A. L. McNeill and Ida Rankin McNeill are residents of the county of Lee.

The plaintiff filed her complaint, in which she alleged, among other things, that the defendant A. L. McNeill was, at the times complained of, the agent, confidential adviser, and attorney of the plaintiff; that on 24 January, 1905, while the plaintiff was preparing to board a train for Florida, the defendants told her it would be necessary for her to give them power of attorney to execute deeds for certain lots of land which the defendants were to sell, and that the plaintiff, reposing absolute confidence in the defendants and relying upon their statements, executed to

the defendant Ida Rankin McNill a paper-writing which she understood to be a power of attorney, but which was, in fact, a deed conveying valuable lands; that the defendants thereafter sold said lands to different persons, about forty in number, and executed deeds therefor and received the purchase price; that among other deeds executed by the defendants was one to S. B. Hatch, trustee, for the consideration of $24,000, one-half of which was paid in cash and the other half in notes; that the defendants have failed to account to the plaintiff for any of the sums of money so received by them.

The plaintiff further alleges:

"10. That as plaintiff is informed and believes, one-half of the consideration for the aforesaid conveyance to S. P. Hatch, trustee, is represented by three notes, towit: one for $3,000, maturing 25 October, 1914; one for $3,000, maturing 25 January, 1915, and one for $6,000, maturing 25 April, 1915, all dated 25 April, 1914, and bearing interest from date at the rate of 6 per cent per annum, and the same are held by the defendants.

"11. That, as plaintiff is informed and believes, upwards of $10,000 of the cash payment received for the aforesaid conveyance to S. P. Hatch, trustee, has been invested in North Carolina State bonds, which are now held by the defendants.

"12. That a part of the aforesaid cash payments has been, and is now, on deposit in the Citizens National Bank at Raleigh, N. C.

"13. That the defendants have failed and refused to account for and pay over to the plaintiff any part of the moneys and other property by them received for any of the conveyances hereinbefore mentioned.

"14. That the defendants, and each of them, are insolvent.

"Wherefore the plaintiff prays judgment for an accounting to ascertain the amounts due by defendants to plaintiff, and judgment therefor; that the proceeds from the sales of the lands be declared the property of the plaintiff, and that the defendants be required to deliver the same to her; that pending this action a receiver be appointed to take charge of said assets; for the costs, and such other and further relief as she may be entitled to and that may seem just and proper."

On 4 August, 1914, after the summons in the action was issued, the plaintiff applied for and obtained an order restraining defendants from transferring or in any manner interfering with or disposing of any moneys, stocks, bonds, notes, or other property or things of value, representing any part of the purchase price of the lands referred to in the affidavit, including the notes received as part payment for said lands, the North Carolina bonds, and the funds deposited in the Citizens National Bank of Raleigh, N. C., or elsewhere, which order was returnable before the Hon. C. M. Cooke, judge of the Superior Court, at Raeford in the county of Hoke, on 20 August, 1914.

On the return day of the restraining order his Honor was ill, and it was agreed that the motions made thereon should be thereafter heard at the September Term, 1914, of Cumberland Superior Court.

At the August Term of the Superior Court of Cumberland the defendant filed a motion to remove the action for trial to the county of Lee, upon the ground that it was for the recovery of certain specified personal property, towit, certain North Carolina bonds, notes and money, alleged by the plaintiff to be the proceeds from the sale of certain lands in Lee County. Both of said motions, one being to continue the restraining order to the hearing and the other to remove the action to the county of Lee, were heard at September Term, 1914, of the county of Cumberland, when his Honor made one order continuing the restraining order until the final hearing of the cause, or until the further order of the court, and another order removing the action to the county of Lee. The plaintiff excepted to the order of removal, and the defendant excepted to the order continuing the restraining order to the hearing.

*Sinclair & Dye and Williams & Williams for plaintiff.*

*Shaw & MacLean, Hoyle & Hoyle, and A. A. F. Seawell for defendants.*

PLAINTIFF'S APPEAL.

ALLEN, J. The action was improperly removed to the county of Lee, as it is an action for an accounting, and the ownership of the notes and bonds was only raised incidentally.

The case of *Woodard v. Sauls,* 134 N. C., 274, is directly in point. In that case it was alleged that the defendant was indebted to the plaintiff by promissory notes and for further large sums, and that, to secure such indebtedness, had turned over to the plaintiff sundry notes; that the defendant afterwards got possession of a portion of said notes, to be collected by him as agent of the plaintiff and applied on said indebtedness, which the defendant had not done, and that the defendant got possession of another portion of said collaterals surreptitiously, without the knowledge or consent of the plaintiff, and retained the same, to recover which notes plaintiff sued out the ancillary proceeding of claim and delivery; and it was held that where the recovery of personal property is not the sole or chief relief demanded, an action need not necessarily be brought in the county in which the property is located, and that the action ought not to be removed.

This case is not in conflict with *Brown v. Cogdell,* 136 N. C., 32, and *Edgerton v. Games,* 142 N. C., 223, as in the first of these cases the only question involved was the ownership of certain furniture, and in the second a separate and distinct cause of action was alleged in the complaint for the recovery of a horse.

The order removing the action to the county of Lee is

Reversed.

DEFENDANT'S APPEAL.

ALLEN, J. The objection to the order continuing the restraining order is upon the ground that, as the action had been removed to the county of Lee, the judge holding the court of the county of Cumberland was without jurisdiction.

In our opinion, his Honor had the power to make the order, notwithstanding the removal, as the court had jurisdiction until the action was removed (*Comrs. v. Lemly,* 85 N. C., 341); but it is unnecessary to decide the question, as we have held upon the plaintiff's appeal that the action was properly constituted in the county of Cumberland.

Affirmed.