BOWEN PIANO COMPANY v. J. J. NEWELL AND WIFE, S. C. NEWELL.

(Filed 9 April, 1919.)

1. **Removal of Causes—Transfer of Causes—Venue—Motions—Actions Dismissed.**

    An appeal will directly lie from a refusal to remove a cause because of a wrong venue, though as a general rule not from a motion to dismiss an action.

2. **Removal of Causes—Transfer of Causes—Motions—Court's Jurisdiction —Actions—Dismissed.**

    When the court has general jurisdiction of the subject-matter of the action a motion to dismiss for improper venue or place of trial will be denied.

3. **Removal of Causes—Transfer of Causes—Conditional Sales—Personalty —Debt—Incident—Mortgages.**

    In an action to recover an amount due upon a conditional sale of personal property, the security is but an incident to the cause, and the fact that the property is situated in another county than that of the venue will not alone be sufficient for a removal of the action thereto.

ACTION tried before *Starbuck, J.,* in Forsyth County Court, and on appeal tried before *Bryson, J.,* at January Term, 1919, of FORSYTH.

This action was brought to recover a debt secured by a conditional sale note. The plaintiff, who lives in Forsyth, also sought to recover possession of the personal property—one piano, described in the note, which was situated in Lee County. Plaintiff demands possession of the piano and for an order to sell the same and apply the proceeds of the sale to the payment of the note sued on.

Defendants are residents of Lee County where, as defendants allege, the contract was made. Plaintiff lives in Forsyth County, where this action was commenced and is pending. Defendants, in apt time and in writing, moved to dismiss the action because the court had no jurisdiction to try the case. This motion was overruled, and defendants excepted. They then asked, in writing, that the case be removed to the Superior Court, so that the trial can be held in the proper county, as provided by statute. This request was also denied, and they again excepted.

The facts found by Judge Starbuck, as to the motions, were as follows: "The plaintiff is, and was at the time of beginning this action, a resident of Forsyth County. The piano described in the complaint is, and was at the time of beginning his action, at the home of the defendants in Lee County, and the defendants are now and were then residents of Lee County. The court is of opinion, under section 2 (*b*), 9 and 17 of the acts creating the Forsyth County Court, chapter 520, Public Local-Laws of North Carolina, session 1915, that actions falling within the provisions of civil procedure relating to venue are removable from said court to the Superior Courts of other counties, but upon inspection of the complaint the court considers that the plaintiff's cause of action is for the recovery of the amount alleged to be due by the defendants to the plaintiff on the note set out in the complaint, and that the recovery of possession of the piano is incidental thereto for the purpose of foreclosure and application of so much of the proceeds as may be necessary to the satisfaction of the judgment on the note. It is therefore ordered that the motion to dismiss be denied and that the motion to remove be denied."

In the Superior Court, the findings of fact by Judge Starbuck were approved and adopted as those of the latter court, which affirmed the ruling of the County Court, and refused to dismiss the action or to remove it. Defendants again excepted and appealed.

*Frank T. Baldwin for plaintiff.*
*Fred S. Hutchins and Louis M. Swink for defendants.*

PER CURIAM. While, as a general rule, an appeal does not lie from the refusal to dismiss an action, Pell's Rev., p. 313, sec. 587, where

many of the cases are collected, it does lie from a refusal to remove because of a wrong venue. Pell's Rev., p. 309, ch. 12, sec. 587, citing *Brown v. Cogdell,* 136 N. C., 32, and other cases. The motion to dismiss, though, was properly overruled, as it was not a question of jurisdiction but of venue, or place of trial. The court had general jurisdiction of such actions, and we must, therefore, confine our inquiry to the second ground of the motion. We are of the opinion that both Judge Starbuck and Judge Bryson were right in refusing a removal on this ground.

The matter has been thoroughly well settled by our decisions and an independent discussion of it is not called for. A removal was requested in *Woodard v. Sauls,* 134 N. C., 274, in a case similar to this one and denied in the Superior Court. The judgment was affirmed here. It was there held that "Where the recovery of personal property is not the sole or chief relief demanded, an action need not necessarily be brought in the county in which the property is located." Referring to that case in another of a like kind (*Clow v. McNeill,* 167 N. C., 212, at p. 214), *Justice Allen* said: "The action was improperly removed to the county of Lee, as it is an action for an accounting, and the ownership of the notes and bonds was only raised incidentally. The case of *Woodard v. Sauls,* 134 N. C., 274, is directly in point. In that case it was alleged that the defendant was indebted to the plaintiff by promissory notes and for further large sums, and that, to secure such indebtedness, had turned over to the plaintiff sundry notes; that the defendant afterwards got possession of a portion of said notes to be collected by him as agent of the plaintiff, and applied on said indebtedness, which the defendant had not done, and that the defendant got possession of another portion of said collaterals surreptitiously, without the knowledge or consent of the plaintiff, and retained the same, to recover which notes plaintiff sued out the ancillary proceeding of claim and delivery; and it was held that where the recovery of personal property is not the sole or chief relief demanded, an action need not necessarily be brought in the county in which the property is located, and that the action ought not to be removed. This case is not in conflict with *Brown v. Cogdell,* 136 N. C., 32, and *Edgerton v. Games,* 142 N. C., 223, as in the first of these cases the only question involved was the ownership of certain furniture, and in the second a separate and distinct cause of action was alleged in the complaint for the recovery of a horse."

It is also apparent, from reading the two cases, that *Mfg. Co. v. Brower,* 105 N. C., 440, and *Connor v. Dillard,* 129 N. C., 50, are not authorities in favor of a removal of this case, because the first of them was, as the court says, substantially for the foreclosure of a mortgage of land and the second for the sole subjection of the particular tract

of land described in the pleadings, to the payment of the debt, confining the entire relief for the satisfaction of the debt to that tract. That case was also in the nature of one for the foreclosure of a lien upon land. *Mfg. Co. v. Brower, supra.*

There was no error in the proceedings of the County and Superior Court.

Affirmed.