FAIRLEY BROTHERS v. J. A. ABERNATHY, RECEIVER.

(Filed 18 November, 1925.)

**Removal of Causes—Transfer of Causes—Injunction—Equity—Personal Property—Statutes.**

Where injunctive relief is sought in a suit against the receiver of a corporation from the sale of cotton and manufactured products therefrom, and the delivery of the cotton and goods to the plaintiff, the nature of the action will be determined from the relation of the parties, their agreement upon the subject-matter of the ·suit, and the allegations of the complaint, and it appearing therefrom that the relief sought is not the recovery of the

debt or to enjoin a sale, but the recovery of the specific personal property with the injunctive restraint as an incident thereto, the cause is properly removable to the Superior Court of the county, under our statute, where the personal property is situated. C. S., 463.

APPEAL by plaintiff from an order of *McElroy, J.,* made at August Term, 1925, of the Superior Court of UNION, removing the cause to GASTON.

On 15 April, 1925, the defendant was appointed receiver of the McLean Manufacturing Company, a corporation theretofore doing business in Gaston County. In May, 1925, the plaintiffs brought suit against the defendant and filed their "petition and complaint," in which they alleged that they were the owners of certain stock in process of manufacture by the McLean Manufacturing Company, consisting of sixty bales of cotton partially manufactured into cloth; that said property was in the possession of the defendant who was wrongfully undertaking to sell it; that a sale of it would cause irreparable injury and damage to the plaintiffs and that it was necessary for the protection of their rights that the defendant should be enjoined from making the sale.

The basis of the plaintiff's claim is a written agreement made on 2 April, 1925, between themselves and the McLean Manufacturing Company, and A. A. McLean, Jr., the material parts of which follow:

"Whereas, on or about 12, 16, and 17 March, 1925, the party of the first part purchased of the parties of the second part a total of 60 bales of cotton for the total sum of $7,551.35, to be paid for by said McLean Manufacturing Company out of the proceeds of sales of goods manufactured therefrom, and title to said cotton or goods therefrom manufactured to be or remain in said Fairley Brothers until the purchase price of said cotton was paid, and,

"Whereas, the said sum has not been paid and McLean Manufacturing Company, is indebted to Fairley Brothers in the sum of $7,551.35, with interest on same from 12 March, 1925, and said cotton is now in process of manufacture in the plant of McLean Manufacturing Company, the said cotton being now identified and identifiable as all cotton in process of manufacture in machinery in said plant or in finished goods now in the plant manufactured therefrom, and it is agreed that same is the property of Fairley Brothers:

"Now in order to protect the rights of Fairley Brothers, the parties hereto do agree as follows:

"1. Fairley Brothers will not take steps to put McLean Manufacturing Company in the hands of receivers if and so long as McLean Manufacturing Company performs its part of this agreement.

"2. McLean Manufacturing Company holds all goods in process of manufacture hereinbefore referred to, and A. A. McLean, Jr., indi-

vidually holds same with McLean Manufacturing Company in trust for Fairley Brothers as their agent or consignee or trustee or bailee for the purpose of completing manufacture of same and safely keeping same and delivering finished product of same to Fairley Brothers or their order. It is agreed that McLean Manufacturing Company and A. A. McLean, Jr., will immediately furnish Fairley Brothers, or their representatives, with itemized statement of poundage, yardage, stage of manufacture and present location in the plant of the McLean Manufacturing Company of the 60 bales of cotton held by them for Fairley Brothers.

"3. If and when from proceeds of manufacture, or sale of manufactured products, McLean Manufacturing Company or A. A. McLean, Jr., both shall pay Fairley Brothers, or Fairley Brothers shall receive from same the value of their cotton, namely $7,551.35, with interest as aforesaid, and expenses connected with supervision of manufacture and disposition of same, as well as any other items of. expense necessarily connected with this manufacture, this agreement is to be null and void, otherwise to remain in full force and effect.

"4. McLean Manufacturing Company and A. A. McLean, Jr., covenant, agree and represent as an inducement to obtain the extension of indulgence from Fairley Brothers that:

"1. The cotton in process of manufacture is free of all claims or liens except the title to Fairley Brothers.

"2. That McLean Manufacturing Company and A. A. McLean, Jr., will not suffer any claims or liens to and against same and will faithfully hold same in trust for Fairley Brothers."

The plaintiffs further alleged that in pursuance of this agreement the Manufacturing Company and A. A. McLean, Jr., undertook to manufacture the cotton under the terms of the contract and had it distributed throughout the plant in course of manufacture and that it was impossible to remove it from the machinery until the process of manufacturing it was completed; that the receiver is experienced in the operation of cotton mills, controlling the machinery necessary to complete the manufacture of the cotton as the contract provides.

The relief prayed for is a restraining order (which was granted) and a decree requiring the receiver to complete the manufacture of the cotton into cloth and to deliver the manufactured product to the plaintiffs.

Before the time for filing an answer had expired the defendant made a formal motion before the clerk (Laws 1921, Ex. Ses., ch. 92, sec. 1, 15) to remove this cause to Gaston County in which the Manufacturing Company has its place of business, and on appeal to the Superior Court the motion was allowed and the plaintiff excepted and appealed.

*Vann & Millikin for plaintiffs.*
*C. A. Jones and A. L. Quickel for defendant.*

ADAMS, J. Actions for the recovery of personal property must·be tried in the county in which the subject of the action, or some part thereof is situated, subject to the power of the court to change the place of trial in the cases provided by law. C. S., 463. Was the present action brought for the recovery of personal property within the meaning of this section? The defendant contends that it was; but the plaintiffs say that it was brought to enforce the specific performance of a contract relating to personal property. The nature of the action must be determined by the relation of the parties, their agreement, and the allegations in the complaint. The contract which is dated 2 April, 1925, recites a previous sale by the plaintiffs (12, 16, 17 March, 1925) of sixty bales of cotton to the McLean Manufacturing Company, at the price of $7,551.35, to be paid out of proceeds to be derived from the sale of goods manufactured from the cotton,—the title of the cotton or of the manufactured articles to remain in the plaintiffs until the contract price was paid. In consequence of the manufacturing company's failure to pay the price the parties agreed that the company and A. A. McLean, Jr., should hold the goods in process of manufacture in trust for the plaintiffs as their agent or consignee or trustee or bailee, for the purpose of completing the manufacture of the cotton into cloth and delivering the finished product to the plaintiffs or their order. The relief prayed is that the receiver comply with the contract and deliver to the plaintiffs not the cotton "raw" or "partially manufactured," but the cloth as the manufactured product. The manufacture of the cotton must of course precede the delivery of the cloth; but to convert the raw material into cloth is only an incident in carrying out the main purpose of the contract and granting the chief relief demanded in the complaint, namely, the recovery of the cloth. If the cloth shall not be delivered the plaintiffs will not have the relief they ask. It is immaterial whether the relation between the parties is that of principal and agent or consignor and consignee or trustor and trustee or bailor and bailee. Their manifest purpose was to secure the plaintiffs by making them the beneficial owners of "all goods" whether manufactured or in the process of manufacture; and the plaintiffs, relying upon this claim, seek to recover the actual possession of the article in its manufactured state. The manufacturing company and A. A. McLean, Jr., are alleged to be insolvent; and the relief sought is not the recovery of the debt and a sale of the property as incidental thereto, as in *Piano Co. v. Newell,* 177 N. C., 533, and similar cases, but the recovery of specific personal property, with injunctive restraint as an incident of the recovery. It seems to be unquestionable

32—190

that this is the chief if not the sole purpose of the action. The entire subject-matter is in Gaston County, and the venue, as *Judge McElroy* held, is fixed by C. S., 463 (4). There are several cases in which the apposite principle is discussed and the decisions are distinguished. *Woodard v. Sauls,* 134 N. C., 274; *Brown v. Cogdell,* 136 N. C., 32; *Edgerton v. Games,* 142 N. C., 223; *Clow v. McNeill,* 167 N. C., 212; *Mfg. Co. v. Brower,* 105 N. C., 440.

The judgment is

Affirmed.