P. M. MARSHBURN v. A. J. PURIFOY.

(Filed 4 November, 1942.)

1. **Venue § 2a—**

Where the recovery of personal property is the sole relief demanded or even the chief, main or primary relief, other matters being incidental, the county in which the personal property or some part thereof is situated is the proper venue. C. S., 463 (4).

2. **Same—**

In an action by a mortgagor, in the Superior Court of the county of his residence, against the mortgagee, to recover mortgaged personalty situated in another county and in the possession of the mortgagee, and to compel an accounting for the use and profits of the property involved, a motion in apt time, for removal to the county where the property was situated, should have been granted.

APPEAL by defendant from *Nimocks, J.,* at June Term, 1942, of LENOIR.

Civil action for (a) recovery of personal property, (b) an accounting for rents and profits accruing from possession and use of such property by defendant as mortgagee in possession, (c) to declare defendant holder of said property, and funds realized from use thereof as trustee for plaintiff, and (d) recovery of such amount as may be due plaintiff upon proper accounting.

At time summons was issued, plaintiff, in applying for extension of time within which to file complaint, stated the nature and purpose of the action to be as above set forth.

The cause was heard below upon motion, aptly made, for removal of action to Craven County for that action is for recovery of personal property in possession of defendant in Craven County. C. S., 463 (4).

The complaint for plaintiff alleges, in substance:

1. That plaintiff is a resident of Lenoir County, and defendant of Craven, in State of North Carolina.

2. That prior to 21 July, 1938, plaintiff had purchased from The Rudolph Wurlitzer Company of North Tonawanda, New York, ninety-one Wurlitzer coin operated phonographs, on the purchase price of each of which he had made a cash payment, and executed to said company a conditional sale contract covering the balance, payable on specified terms, and on said date, plaintiff executed and delivered to said company a renewal conditional sale contract on said ninety-one phonographs, identified by numbers, to cover the balance of $19,513.59, then due, to be paid on specified weekly installments, in which conditional sale contract

the title to said phonographs was retained until all installments should be paid.

3. That on 31 August, 1938, plaintiff executed and delivered to defendant his promissory note for $1,200.00, payable in specified monthly installments, and to secure same executed and delivered to him a chattel mortgage on the ninety-one phonographs, referred to in preceding paragraph, which chattel mortgage constituted a lien second to the conditional sale contract of 21 July, 1938.

4. That on 17 March, 1939, although plaintiff had by payments reduced the principal of amount due on the conditional sale contract to $14,250.00, and had made payments on the note secured by chattel mortgage, he was having difficulty in meeting payments thereon, and "defendant was pressing" . . . "for payment of the said note," and although defendant knew that plaintiff "had an equity of many thousands of dollars in the said phonographs," plaintiff alleges, upon information and belief, that defendant "formed the scheme and plan to acquire said property and the plaintiff's equity of redemption therein at a grossly inadequate price and in fraud of the relationship of mortgagor and mortgagee which existed between them," and, by means of such relationship and "the pressure exerted by defendant for the immediate payment of the indebtedness due to him by the plaintiff, and through the misconduct, undue influence and oppression of defendant and his unconscionable advantage," plaintiff was forced to enter into a transfer agreement (Exhibit A), whereby his equity in the ninety-one phonographs was transferred and assigned to defendant at the price of $450.00, notwithstanding it was worth a far greater sum. (This agreement shows that although defendant assumed "all the covenants, liabilities and obligations" of plaintiff under the conditional sale contract to The Rudolph Wurlitzer Company, the company consented to the transfer upon express agreement that plaintiff remain liable under said conditional sale contract.)

5. That, by reason of the matters stated in last preceding paragraph, said transfer from plaintiff to defendant was void, and, therefore, the relationship of mortgagor and mortgagee existing between plaintiff and defendant, and plaintiff's ownership of the equity in the phonographs were unchanged; and that when defendant took possession of the phonographs he did so as trustee, charged with duty to apply rents and profits therefrom and the proceeds of operation thereof to the payment of the indebtedness due thereon until such indebtedness was fully paid, "and then to restore the said property to the plaintiff."

6. That upon the execution of the transfer agreement, defendant took possession and has since had possession of all the phonographs and has received from the operation thereof a sufficient sum of money to pay not

only the balance due The Rudolph Wurlitzer Company under its conditional sale contract, but that due defendant on note of plaintiff secured by the chattel mortgage, and that in fact each has been paid in full—although both conditional sale contract and chattel mortgage remain unsatisfied of record; and "that plaintiff . . . avers that he is not only entitled to have said liens satisfied of record, and said property restored to him, but that he is also entitled to an accounting for all sums received by defendant" from operations of the phonographs, "over and above the amount necessary to pay off and discharge said liens."

The relief prayed is "(a) that the relationship of mortgagor and mortgagee between plaintiff and defendant be declared to exist and defendant decreed to be mortgagee in possession of the property hereinbefore described, and account to plaintiff for the proceeds received by defendant from the use and operation of said property, and that plaintiff have proper accounting therefor; (b) that plaintiff be adjudged to be the owner and entitled to the possession of the ninety-one phonographs hereinbefore described; and (c) that plaintiff be given such other and further relief as he may show himself entitled to upon the whole cause."

The motion for removal was denied both by the clerk of the Superior Court and the judge on appeal. Defendant appeals therefrom to Supreme Court and assigns error.

*J. A. Jones and Sutton & Greene for plaintiff, appellee.*
*Albert J. Ellis and R. E. Whitehurst for defendant, appellant.*

WINBORNE, J. Actions for the recovery of personal property must be tried in the county in which the property or some part of it is situated, subject to the power of the court to change the place of trial in cases provided by law. C. S., 463 (4). Under this statute, we are of opinion and hold that proper venue for this action is in Craven County.

Decisions of this Court, interpretive of the statutory rule, are to the effect that where the recovery of personal property is the sole relief demanded, or even the chief, main or primary relief, the other being an incidental part, the county in which the personal property or some part of it is situated is the proper venue. *Brown v. Cogdell,* 136 N. C., 32, 48 S. E., 515; *Edgerton v. Games,* 142 N. C., 223, 55 S. E., 145; *Fairley v. Abernathy,* 190 N. C., 494, 130 S. E., 184. See also Annotations 126 A. L. R., 1190 (n).

In *Brown v. Cogdell, supra,* it is said: "The recovery of personal property, being the chief object of this action, and not merely an incidental matter (*Woodard v. Sauls,* 134 N. C., 274), and the motion to remove having been made 'in writing' and in apt time, *i.e.,* 'before the time for answering' expired, the removal was a matter of right, not of discretion."

The headnote in *Edgerton v. Games, supra,* epitomizes the decision there in this manner : "Where a complaint sets out three different causes of action, one of which is for the recovery of personal property, the court properly granted the defendant's motion to remove the cause to the county in which such property is situated."

The case at bar expressly has, as one of its objects, the recovery of the ninety-one phonographs. And it is manifest from the allegations in the complaint that the other relief sought, that is, to have the relationship between plaintiff and defendant, regarding the phonographs, declared to be that of mortgagor and mortgagee so as to require defendant to account for the proceeds realized from the use and operation of the phonographs in an amount sufficient to pay the balance due on the conditional sale agreement and on the note secured by the chattel mortgage, is not for the purpose of predicating a recovery of damages, but for the recovery of the phonographs. Furthermore, the prayer for recovery of any surplus of the proceeds realized from use and operation of the phonographs, remaining in hands of defendant after satisfying plaintiff's obligations under the conditional sale contract and under the chattel mortgage, is based upon right of plaintiff to recover the property. Thus, it seems clear that the primary object of the action is the recovery of personal property— the phonographs in question.

The present action is distinguishable in factual situation from the cases of *Woodard v. Sauls, supra; Clow v. McNeill,* 167 N. C., 212, 83 S. E., 308; *Piano Co. v. Newell,* 177 N. C., 533, 98 S. E., 774; *Guy v. Gould,* 199 N. C., 820, 155 S. E., 925.

In the light of what is here said, the judgment below is
Reversed.