HOUSE CHEVROLET COMPANY, INC., v. EDWARD P. CAHOON AND MURIAL CAHOON, AND W. A. BEALS.

(Filed 22 September, 1943.)

**1. Venue § 2a—**

If an action be one in which the recovery of personal property is not the sole or chief relief demanded, it is not removable to the county in which the personal property is located; but, if the recovery of specific personal property is the principal relief sought, the action is removable to the county where the property is situated. C. S., 463 (4).

**2. Same—**

Where plaintiff brings an action in the county of his residence, based upon a note secured by a chattel mortgage on an automobile, against three defendants, two of whom executed the said note and mortgage and are residents of another county, and the third defendant, who has possession of the car, is a resident of a third county, the chief relief sought is the collection of the debt and a claim and delivery for the car is only ancillary, so that the action should not be removed.

APPEAL by defendant Beals from *Dixon, Special Judge,* at April Term, 1943, of WASHINGTON.

This is an action instituted in Washington County by the plaintiff, the House Chevrolet Company, to collect $275.00, with interest from 3 January, 1940, from the defendants Edward P. Cahoon and Murial Cahoon, alleged to be due on a note executed by said defendants to said plaintiff, wherein the ancillary remedy of claim and delivery was invoked to recover the possession of a certain Chevrolet automobile upon which said defendants Cahoon had executed a chattel mortgage to the plaintiff to secure the payment of the note sued on, that said automobile might be sold and so much of the proceeds of such sale as might be necessary applied to the payment of said note. At the time of the institution of this action in Washington County the plaintiff had its principal office in that county, and the automobile was in the possession of the defendant Beals in Pasquotank County, and the defendants Cahoon were residents of Tyrrell County.

On 9 July, 1941, summons was issued by the clerk of Washington County to the sheriff of Pasquotank County against the defendant Beals, which summons was accompanied by the order in the claim and delivery proceeding directing the sheriff of Pasquotank to seize the automobile

and deliver the same to the plaintiff. Defendant Beals filed a replevy bond and retained the possession of the automobile.

On 12 July, 1941, summons was issued by the clerk of Washington County to the sheriff of Tyrrell County for the defendants Edward P. Cahoon and Murial Cahoon, which was duly served on 14 July, 1941. There accompanied the summons, and was served therewith, a copy of an order made by the clerk of Washington County extending the time for filing complaint until 28 July, 1941, based upon application of the plaintiff wherein it is stated that "the nature and purpose of this action are . . . to obtain immediate possession of the property described in the affidavit hereto attached to satisfy a debt upon which property the plaintiff is the holder of a chattel mortgage which said debt thereby secured is past due and unpaid."

On 25 July, 1941, the plaintiff filed the only complaint filed in the action in which it alleged: That the plaintiff was a corporation with its principal place of business in Washington County; that the defendants Cahoon became indebted to the plaintiff on 3 January, 1940, in the sum of $275.00 and executed and delivered a promissory note for said amount on said date; that said note was secured by a chattel mortgage upon a Chevrolet automobile; that no part of said note had been paid, although past due, and that the plaintiff is entitled to recover of the defendants Cahoon the full amount thereof; that the process in claim and delivery had been issued and the said automobile described in the chattel mortgage was in the possession of the defendant Beals in Pasquotank County and had been seized by the sheriff of that county; that the plaintiff was entitled to have said automobile sold and so much of the proceeds of such sale as may be necessary therefor applied to the payment of said note; and finally prayed that it recover of the defendants Cahoon the full amount of the note, with interest, and that it be adjudged that the plaintiff is entitled to the possession of the automobile, to have the same sold, and the debt owed to it paid from the proceeds of such sale.

The defendant W. A. Beals lodged motion before the clerk of Washington County to have the cause transferred to Pasquotank County, for that he was a resident of that county and the automobile was in his possession in that county. The clerk denied the motion and the defendant Beals excepted and appealed to the judge at term.

The cause came on for hearing on appeal before Dixon, J., at term and he found as a fact, *inter alia,* "that all of said process (the two summonses and ancillary proceeding in claim and delivery), was actually issued, and so intended to be issued, in the same cause," and "ordered as follows: That the summons and ancillary proceeding in claim and delivery issued for and served upon W. A. Beals, and the summons for

and served upon the defendants, Edward P. Cahoon and Murial Cahoon, are and were in, and intended to be in, the same action; that to such extent as there was severance between said process, if any, the same is abolished and is in all respects consolidated into one action"; and denied the motion of the defendant Beals to remove the cause to Pasquotank County.

To the order of the court denying his motion to remove the cause to Pasquotank County the defendant Beals objected, excepted and appealed to the Supreme Court.

*Carl L. Bailey* for plaintiff, appellee.
*M. B. Simpson* for defendant Beals, appellant.

SCHENCK, J. The question posed by this appeal is as stated in appellant's brief, namely, "Did the court commit error in refusing to remove this case from Washington County to Pasquotank County?"

C. S., 463 (4), provides that actions for the recovery of personal property must be tried in the county in which the subject of the action or some part thereof is situated.

If the action be one in which the recovery of personal property is not the sole or chief relief demanded it is not removable to the county in which personal property is located, *Bowen Piano Co. v. Newell,* 177 N. C., 533, 98 S. E., 774; but, on the other hand, if the action be one in which the recovery of specific personal property is the principal relief sought, the action is removable to the county where the property is situated. *Fairley Bros. v. Abernathy,* 190 N. C., 494, 130 S. E., 184.

Therefore, the answer to the question posed lies in the determination of whether the sole or chief relief demanded in the case at bar is the recovery of personal property. The appellant Beals contends that as to him at least it is, in fact he contends as to him it is the only relief sought; while the appellee, the House Chevrolet Company, contends that the action is a single action against all of the defendants and, when considered as a whole, the principal relief sought and demanded is the payment of the debt due by the defendants Cahoon to it, and the seizure of the personal property upon which they executed a chattel mortgage to secure the debt was but ancillary to the principal purpose of the action.

We are of the opinion, and so hold, that the contention of the appellee, the plaintiff, is correct, that is, that the chief relief sought is the collection of the debt, and that the subjection of the automobile to sale for such purpose is but incidental.

The right of the plaintiff to recover the amount of the debt sued for is in no wise based upon the seizure and sale of the automobile. In

CHESSON *v.* CONTAINER CO.

this respect, as in others, the case at bar is distinguishable from *Marshburn v. Purifoy,* 222 N. C., 219, 22 S. E. (2d), 431.

The contention of the defendant that there were two actions pending: one against the defendant Beals and one against the defendants Cahoon, is untenable for the reason that the court below both found as a fact and adjudicated as a matter of law that the summons and ancillary proceeding in claim and delivery issued for and served upon W. A. Beals and the summons for and served upon defendants Edward P. Cahoon and Murial Cahoon were in, and intended to be in, the same action. The record furnished sufficient evidence upon which to base this finding of fact by the court below and we are therefore bound thereby, and such finding of fact supports the conclusion of law which is based thereupon.

The judgment below is

Affirmed.