G. W. JONES v. THE TOWN OF STATESVILLE.

*Venue—Cities and Towns.*

1. Cities and towns must be sued in the county in which they are located, and if suit is brought in another county, they have the right to have it removed.

2. Where an action is brought to the wrong county, and the defendant demands in writing that the place of trial be changed, the words "*may* change the place of trial," in §195 of *The Code*, will be interpreted as meaning "*must* change," &c.

(*Cloman* v. *Staton*, 78 N. C., 235; *Johnson* v. *Com'rs*, 67 N. C., 101; *Alexander* v. *Com'rs*, Ibid., 330; *Jones* v. *Com'rs*, 69 N. C., 412; *State* v. *Com'rs*, 70 N. C., 137; cited and approved).

MOTION to remove a cause pending in Catawba Superior Court to the Superior Court of Iredell county, heard before *Montgomery, Judge,* at January Term, 1887, of CATAWBA Superior Court.

The plaintiff brought this action in the Superior Court of the county of Catawba, to recover damages alleged to have been occasioned by injuries sustained through the negligence of defendant's officers and agents, in failing to provide lights along its streets to enable persons passing along and over them in the night time, to see the pit into which the plaintiff fell, &c.

The defendant is a municipal corporation, the county town of the county of Iredell.

At the appearance Term, before the time to answer had expired, the defendent demanded in writing that the trial in the action be had in the county of Iredell, and that the Court make a proper order to that end. This the Court declined to do; whereupon, the defendant having excepted, appealed from the order in that respect to this Court.

No counsel for the plaintiff.
*Mr. C. H. Armfield,* for the defendant.

MERRIMON, J., (after stating the facts). The statute (*The Code,* §191, par. 2,) provides, that actions must be tried in the county where the cause of action, or some part thereof, arose, subject to the power of the Court to remove the same for trial, for cause as prescribed by law, if the same be " against a *public officer,* or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid, shall do anything touching the duties of such officer."

And it further provides, (*The Code,* §195, par. 1,) that: " The Court may change the place of trial in the following cases : (1.) Where the county designated for that purpose is not the proper county."

If the defendant demands in writing that the action of the class designated in the statutory provision first above recited, be sent to the county where the cause of action arose, this must be done, because it is so provided, except as modified by the statute, (*The Code,* §191,) and herein the words, " may change," in the statutory provision last above recited, must be interpreted as implying that the Court " must " or " shall change" the place of trial, &c. *Clomon* v. *Staton,* 78 N. C., 235.

The defendant is a municipal corporation—public in its nature; it is an artificial person, created and recognized by the law; invested with important corporate powers, public,

and in a sense, official in their nature; and charged with public duties, which it executes by and through its officers and agents. We therefore think that actions against it fairly come within the meaning of, and are embraced by the statutory provision first above recited.

And the correctness of this view is strengthened by the fact, that a like statute (*The Code*, §193,) provides that: "All actions upon official bonds or against executors and administrators in their official capacity, shall be instituted in the county where the bonds shall have been given," &c., the obvious purpose being not to require official persons to go from the counties to which they belong, to defend actions brought against them in their official capacity. It would indeed be very inconvenient and expensive to the public to require cities and towns to go out of the counties where they are located, through their officers and agents, to defend actions brought against them. In such cases a public official agent is sued.

This Court has repeatedly and uniformly held that actions against counties must be brought in the county sued, and cities and towns are of the like nature, and should stand upon the same footing as to actions against them. *Johnston* v. *Commissioners*, 67 N. C., 101; *Alexander* v. *Commissioners*, Ibid., 330; *Jones* v. *Commissioners*, 69 N. C., 412; *State* v. *Commissioners*, 70 N. C., 137.

The motion should have been granted. There is error. Let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                                    Reversed.