FALLS OF NEUSE MANUFACTURING CO. v. J. M. BROWER et al.

*Venue—Removal of an Action and Discretion of the Judge.*

1. When an action relating to real estate is brought in a county other than that in which the land is situated, the Judge *must*, upon proper application made in apt time, direct its removal to the proper county.

2. The fact that there are other questions to be determined in the action, does not alter the case when the chief purposes of the suit are to compel one defendant (trustee) to sell and another defendant to convey lands situated in a county other than that in which the action is pending.

3. The question of removal, when the action is not brought in the proper county, is not one of discretion; when the statute imposes a duty, "may" means *must*.

(SHEPHERD, J., dissenting.)

This is an APPEAL from the refusal of *Armfield, J.*, at October Term, 1889, of WAKE Superior Court, to make an order for the removal of the cause to Surry County for trial.

The allegations of the complaint, so far as material to the question now before us, are, substantially, that on the 1st of September, 1881, the Falls of Neuse Manufacturing Company, Richard T. Nutt and J. M. Brower entered into an agreement, set out as part of the complaint, to form a company to be chartered by the Legislature, by which agreement, among other things, the said Brower was to put into the said company a certain tract of land known as "Buck Shoals," containing about 125 acres, on which there was a cotton factory building, and on which there was a mortgage; that said Brower was to pay off the said mortgage, and, for the payment thereof, "the interest of the said Brower in said property was to be bound"; that the company was not incorporated, but the parties became partners under the name and style of the "Brower Manufacturing Company," and proceeded to put in order and furnish the factory building near Mt. Airy, and commenced the manufacture of cotton, &c.; that certain contributions to the capital (set out in the complaint) were made by the partners; that the company contracted debts, some of which are outstanding and unpaid; that the factory buildings, machinery, &c., were insured against fire; that they were destroyed by fire, and, after much litigation, the claims of the Brower Manufacturing Company against the insurance companies were compromised at $10,000, and of this sum the Falls of Neuse Manufacturing Company received the gross amount of $5,580.52, and John M. Brower received the gross amount of $4,419.48; that Nutt had conveyed his interest in the company to the plaintiff corporation, but the latter had no interest in the $10,000 compromise.

That at the time of entering into the agreement, the land and buildings which the defendant Brower agreed to put in as part of his capital stock to said company were mortgaged by the said Brower and his wife to the defendant J. C. Buxton by deed set out with the complaint.

That payments have been made upon the debts secured by said mortgage until the amount remaining due thereon, as plaintiffs are informed and believe, is now about four thousand dollars.

That the property conveyed in said mortgage is much more than the "Buck Shoals" tract, which, alone, John M. Brower contracted to convey, freed from encumbrance, to the said "Brower Manufacturing Company," and, as plaintiffs are informed and believe, the land conveyed by said mortgage, other and outside of the Buck Shoals tract, is of a value more than sufficient to pay off and discharge what is due upon the debt secured by said mortgage.

That the defendant John M. Brower never made a deed for Buck Shoals to the Brower Manufacturing Company, as he ought to have done, with relinquishment of her right of dower by his wife, the defendant Nannie M.

That the Buck Shoals tract aforesaid contains one hundred and twenty-five acres, much of. it valuable for farming purposes, and situate on it are good dwelling-houses, and that defendant John M. Brower has been in possession of said land and buildings since the occurrence of the fire in 1883, and has paid no rent therefor.

Wherefore, the plaintiffs demand judgment against the defendant—

1. That J. C. Buxton, trustee, may be ordered, and required, to sell enough of the lands of John M. Brower and wife, other than Buck Shoals, to pay off and discharge the balance of the debts secured, and only resort to a sale of the Buck Shoals, or so much thereof as may be necessary, to make good the deficiency.

2. That J. M. Brower may be ordered to convey to the "Brower Manufacturing Company" Buck Shoals in fee-simple, with the relinquishment of the rights of dower by his wife, the defendant Nannie M., if she will consent thereto.

3. That if said Nannie M. will not relinquish her right of dower in said Buck Shoals, then that the value of said dower right may be ascertained and charged to the defendant John M. Brower.

4. That the co-partnership, the "Brower Manufacturing Company," may be dissolved, and that the assets and property be converted into cash, and, after paying its debts, the surplus be divided between the plaintiffs and the defendant John M. Brower as their respective rights and interests may be.

5. That an account may be taken of the assets and liabilities of the said co-partnership, and the amount the plaintiffs and defendant John M. Brower are entitled to recover.

6. That pending the litigation, and until the further order of the Court, and for the care and preservation of the property of the said co-partnership, some suitable person be appointed receiver thereof, under the directions of this Court.

7. For the costs of this action.

8. For such other and further relief as the needs and circumstances of the case may require, and as to the Court shall seem meet.

It appears from the complaint that all the real estate mentioned therein is situate wholly in the county of Surry. Upon affidavit in writing that the mortgage set out in the complaint, and sought to be foreclosed, "is registered and refers to real estate in Surry County, N. C.," and that "Buck Shoals," the right and interest in and to which are sought to be determined by this action, is situated wholly in Surry County, the defendant, before the time of answering had expired, and in writing, moved and demanded that the action be removed to Surry County. The motion and demand were denied by the Court.

Exception and appeal by defendant.

The sole question presented for consideration is, "Was the defendant entitled to an order of removal of the cause to the county of Surry for trial?"

*Mr. E. C. Smith*, for plaintiff.
*Mr. T. R. Purnell*, for the defendants.

DAVIS, J.—after stating the facts: By § 190 of *The Code*, actions "for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property; * * * for the foreclosure of a mortgage of real property," * * * must be tried in the county "in which the subject of the action, or some part thereof, is situated, subject to the power of the Court to change the place of trial in cases provided," in *The Code*

By § 195 it is provided that: "If the county designated for that purpose in the summons and complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, before the time of answering expires, demands, in writing, that the trial be had in the proper county, and the place of trial be thereupon changed by consent of parties, or by order of the Court." It is also provided in said section that "the Court may change the place of trial in the following cases:

"1. When the county designated for that purpose is not the proper county.

"2. When the convenience of witnesses and the ends of justice would be promoted by the change.

"3. When the Judge shall have been, at any time, interested as party or counsel."

The question of removal, when the action is not brought in the proper county, is not one of discretion, but "may" means *shall* or *must*, as it is construed in every act imposing

a duty. *Pelletier* v. *Saunders,* 67 N. C., 262; *Jones* v. *States-ville,* 97 N. C., 86, and cases there cited.

In New York they have a statute similar to ours, and a similar construction has been put upon the word "may," and it is held that the removal, when the action is not brought in the proper county, "is a matter of right." Green's Pleading and Practice; under *The Code,* §§ 624 and 625, and the cases there cited. The Judge may determine " when the convenience of witnesses and the ends of justice would be promoted by the change," and his determination of those questions would be conclusive, ordinarily, but his discretion is a legal, and not an arbitrary one, even in those cases. He determines whether the grounds for removal exist, and his discretion in this is not reviewable; but when the action with reference "to the subject-matter" is not brought in the proper county, he *must,* if the demand be made in writing, and before the time of answering expires, " change the place of trial" to the proper county. The chief, and, so far as Buxton is concerned, the only purposes of this action are to compel J. C. Buxton, the trustee, to sell lands in the county of Surry, and to order Brower to convey the Buck Shoals lands to the Brower Manufacturing Company with relinquishment of the rights of dower by his wife, or, if she refuse to do so, then to have its value ascertained and charged to Brower. Neither Buxton nor Mrs. Brower are in any way parties to the co-partnership styled the Brower Manufacturing Company, and, as to them, the action is purely local, and the place of trial, clearly, under section 190 of *The Code,* is in the county of Surry; and though there are demands for a dissolution of the co-partnership, and an account of its assets and liabilities, and for the appointment of a receiver, yet all the property in controversy is situated in Surry County, and the action is one, substantially, to settle rights relating to, and have a foreclosure by sale of, real estate in Surry County, and the receiver, if one shall be appointed,

will be charged with duties purely local; and there was error in refusing to make the order of removal. *Fraley* v. *March*, 68 N. C., 160; *Jones* v. *Statesville, supra*.

Error.

SHEPHERD, J.—dissenting: The object of this action is to dissolve a co-partnership and to wind up its affairs, and it cannot be doubted that, for this purpose, it is brought in the proper county. Indeed, this is conceded, and I am unable to understand why the jurisdiction should be ousted because a part of the partnership assets is situated in another county. If this be the rule, it will be exceedingly difficult, in many cases, to determine where such an action may be brought, as a co-partnership may have real assets in many different sections of the State. It will also be observed that a receiver is asked for, who, in the event of his appointment, may bring an action against Buxton in the county where the land is situated. His Honor, in his discretion, for the convenience of parties, witnesses, &c., might have ordered a removal, but I cannot agree that the statute *required* him to do so.