TRUSTEES OF CATAWBA COLLEGE v. MRS. ZETA M. FETZER, EXECUTRIX OF P. B. FETZER, DECEASED.

(Filed 13 May, 1913.)

**Removal of Causes — Executors and Administrators — Answer — Waiver—Interpretation of Statutes.**

A motion to remove an action brought in the wrong county against an executor must be formally made at the term of court for filing pleadings and before answer filed; and where answer has been filed and withdrawn for the purpose of the motion, at the proper term, the right to remove will be taken as waived. Revisal, sec. 425.

APPEAL by defendant from *Daniels, J.,* at February Term, 1913, of CATAWBA.

Civil action to recover on a note for $1,000, executed by P. B. Fetzer, testator of defendant, heard on motion to remove cause.

The action was instituted in Catawba County, returnable to February Term, 1913, commencing 3 February. Verified complaint was duly filed 11 December, 1912; verified answer to merits filed 5 February, 1913; formal replication filed 8 February, 1913. Defendant is executrix of the obligor of the note, duly qualified and acting as such in the county of Cabarrus, and, later in the term, to wit, on 10 February, having obtained leave to withdraw her answer, made a motion, in writing, to remove the cause for trial in said county of Cabarrus. The motion was denied, and defendant excepted and appealed.

*George McCorkle, R. R. Moore, and W. A. Self for plaintiff.*
*L. T. Hartsell for defendant.*

HOKE, J. Our statute, Revisal, sec. 425, provides that, "if the county designated in the summons and complaint be not the proper county, the action may, notwithstanding, be held there, unless the defendant, before the time for answering expires, demands, in writing, that the trial be held in the proper county." Construing the section, our Court holds that, "in order for a litigant to avail himself of the right, conferred by the statute, the motion to remove must be formally made and in apt time," and further, that, although a defendant might have answered at any time during the term, his time to answer has expired, within the meaning of the law, whenever he has filed a formal answer to the merits. *County Board v. State Board,* 106 N. C., 82; *McMim v. Hamilton,* 77 Mo., 300. If it be conceded that a right of removal exists in the present case, the defendant, having filed formal answer, must be taken to have waived his privilege of removal.

The authorities are decisive against the defendant's position, and the judgment of the Superior Court, denying the motion, is

Affirmed.