ROBERTS & HOGE, Inc., v. HUGH MOORE and Others, Partners Trading as HUGH MOORE & BROTHERS.

(Filed 4 April, 1923.)

**1. Venue—Actions—Statutes.**

The venue of an action brought by a nonresident of the State in a different county herein from that where the defendants reside or do business, and wherein the defendant has no property, is an improper one. C. S., 459.

**2. Same—Courts—Jurisdiction—Waiver.**

The matter of venue is not jurisdictional in the first instance, and the defendant will lose his right to have an action against him removed from an improper to the proper county by failing to comply with the provisions of our State, C. S., 470, that before the expiration of the time for filing his answer he must demand in writing that the trial be conducted in the proper county.

**3. Same—Clerks of Court—Appeal.**

The power to entertain a demand of defendant to remove an action to the proper venue under the provisions of C. S., 470, is now conferred by a recent statute upon the clerk, subject to the right of appeal to the judge at the next term, when the motion shall be heard and passed upon *de novo.*

**4. Same—Substantial Right.**

Where defendant has made his motion before the clerk to remove the action to the proper venue, the question is then a matter of substantial right, and the clerk is without power to proceed further in essentials until the right to remove is considered and passed upon.

**5. Same—Judgments.**

When the defendant has proceeded by motion before the clerk to have plaintiff's action against him removed to the proper county for improper venue, and this before the time for filing his answer has expired, a judgment by default final for the want of an answer is entered contrary to the due course and practice of the courts, and on appeal to the Supreme

Court will be set aside, and the cause remanded for the clerk to consider and pass upon defendant's motion for a change of venue.

**6. Same—Motions—Notice.**

When a judgment by default final has been entered against a defendant for the want of an answer, and it appears that the defendant had lodged his motion in apt time for a change of venue in accordance with the provisions of C. S., 470, which has not been determined, the failure or inability of the defendant to have given the plaintiff ten days notice of his motion, C. S., 912, before time for answering has expired, will not affect his right to have the judgment by default against him vacated.

**7. Appeal and Error—Record—Facts Presumed.**

Facts appearing upon the record and unchallenged in the argument are taken as true on this appeal by defendant seeking to set aside a judgment by default final, taken pending the hearing upon his motion for a change of venue under the provisions of C. S., 470.

APPEAL from judgment by default final, on certain promissory notes of defendant to plaintiff, entered against defendant in NEW HANOVER, on 15 December, 1922, before *Devin, J.*

There being indication from the transcript of record originally presented that said judgment by default had been entered after adjournment of the Superior Court, and hence out of term, in response to *instanter* writ or *certiori* from this Court, notice being waived by the parties, the clerk of said court certifies that December term of Superior Court had not adjourned at the time, and the judgment complained of was entered during said term.

From the facts presented in the record, or unchallenged on the argument before us, it appears that plaintiff is a foreign corporation doing business in Richmond, State of Virginia, and that the defendants, each and all of them are citizens and residents of the county of Sampson, doing business in that county, and were such at the time of action commenced, and have been since, and that neither of them do business or own property in New Hanover County. It further appears that the summons in the cause was issued from Superior Court of New Hanover County on 14 November, 1922, returnable before the clerk of said court on 24 November, 1922, the time for answering the complaint in the cause not expiring before 14 December, 1922. That on 12 December, 1922, defendant moved in writing before the clerk for a change of venue to the county of Sampson, supported by affidavit showing the citizenship and residence of the parties. That notice for such motion with copy of affidavit was issued and served on 12 December, and fixing time for hearing same before the clerk on 18 December, 1922. That within the time allowed by law, to wit, on the day of the rendition of the judgment, defendants duly entered their appeal from same, assigning for error, among other things, that the judge of the Superior Court was without

power to enter said judgment pending a motion for change of venue duly entered and before the clerk and undetermined at the time.

*Wright & Stevens for plaintiff.*
*Faircloth & Fisher and Weeks & Cox for defendants.*

HOKE, J.   Under C. S., 469, if the facts embodied in the affidavit of defendants are true, and they were taken as true on the argument before us, the proper venue for the trial of this cause is in Sampson County. In this view of the record, C. S., 470, provides that if the county designated for that purpose in the summons and complaint is not the proper county, the action may, however, be tried therein unless the defendant, before the time for answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties or by order of the court.   And in Public Laws 1921, Extra Session, ch. 92, sec. 1, subsec. 15, the power to entertain this motion for removal is conferred upon the clerk of the court, subject to the right of appeal to the judge at the next term, where the motion shall be heard and passed upon *de novo*.

While it is clear from a perusal of section 470 that this question of venue is not in the first instance jurisdictional, and may be waived by the parties, and the decisions construing the section so hold, these decisions are also to the effect that where the motion to remove is made in writing and in apt time, the question of removal then becomes a matter of substantial right, and the court of original venue is without power to proceed further in essential matters until the right of removal is considered and passed upon.   And any such judgment entered before that should be set aside on motion or appeal as being contrary to the course and practice of the court.   Assuredly so, then the material facts alleged in support of the motion to remove are practically admitted.   *Brown v. Cogdell,* 136 N. C., 33; *Mfg. Co. v. Brower,* 105 N. C., 440; *Jones v. Statesville,* 97 N. C., 86.

And we are not impressed with plaintiff's position that the right of removal should not prevail in this instance, because the motion was not made till 12 December, the time to answer expiring on 14 December following.   The statute provides that a defendant may make his motion at any time before the time for answering expires, and we find nothing to justify the Court in modifying this express provision of the law.

Plaintiff, as we understand the argument, rests his contention on the right of ten days notice, which he claims arises to him under C. S., 912. If it be conceded that plaintiff is entitled to such notice, this is by no means an absolute right, but the time may be lessened by special order, and if an order is made without notice, it is not set aside as a matter of

course. In any event, there is nothing in this provision which purports or should be allowed to affect the positive provision of the law directly appertaining to this right of removal, and which, as stated, expressly allows a defendant to make such motion at any time before the time for answering expires.

On the record, we are of opinion that the judgment by default final should be set aside and the cause remanded to the clerk to consider and pass upon defendant's motion for a change of venue. And if the facts are as they now appear, the cause should be removed to the county of Sampson, to be there proceeded with according to the course and practice of the court.

Judgment reversed.