ATLANTIC COAST LINE RAILROAD COMPANY v. H. T. THROWER, TRADING AS THROWER TILE AND MARBLE COMPANY.

(Filed 25 May, 1938.)

Venue § 8a—Court must determine motion to remove as a matter of right before it may proceed further in the cause.

When neither party resides in the county in which the action is instituted, defendant's motion to remove to the county of his residence must be allowed as a matter of right, C. S., 469, 470 (1), and the court must dispose of such motion before proceeding further in the case, and it is error for the court to retain the cause for trial upon plaintiff's motion

founded upon the convenience of witnesses and the promotion of the ends of justice, C. S., 470 (2), although after proper removal the court may. hear plaintiff's motion.

APPEAL by defendant from *Spears, J.,* at January Term, 1938, of CUMBERLAND. Reversed.

This is a civil action instituted by the plaintiff to recover of the defendant the sum of $568.60, the amount of an unpaid check delivered by the defendant to the plaintiff and $1.50 protest fees.

The plaintiff has its principal place of business in the State of North Carolina at Wilmington, N. C., and the defendant is a resident of Mecklenburg County. Before the expiration of the time to answer the defendant duly filed a motion in writing, praying the court for an order transferring and removing the action for trial from Cumberland County to the Superior Court of Mecklenburg County. Thereupon, the plaintiff filed a motion that the court retain the action in Cumberland County for that: "(2) The convenience of witnesses and the ends of justice would be promoted by retaining this action for the trial in this court, for the reason that:" and the motion then sets out pertinent facts in support thereof.

The cause came on to be heard before the undersigned judge on appeal from the clerk, at the January Term, 1938, Cumberland Superior Court, and the judge entered an order, after finding the facts, as follows: "It is, therefore, ordered and adjudged that the motion for change of venue filed by the defendant be denied; and the court in its discretion retains the cause for trial in the Superior Court of Cumberland County, North Carolina, for the convenience of witnesses and to promote the ends of justice." The defendant excepted and appealed.

*Rose & Lyon for plaintiff, appellee.*
*Guthrie, Pierce & Blakeney for defendant, appellant.*

BARNHILL, J. C. S., 469, provides: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement." This is the portion of the statute pertinent to this controversy. C. S., 470, provides: "If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court. The court may change the place of trial in the following cases:

"1. When the county designated for that purpose is not the proper one."

Considering the statutes *in pari materia* it has been consistently held by this Court that where the plaintiff is not a resident of the county in which an action is instituted, or is not otherwise entitled to maintain the action therein as a matter of right, the defendant may require the removal of the cause to the county of his residence by complying with the terms of the statute. When the motion to remove to the county of the residence of the defendant, the action not having been brought in the proper county, is made, the question of removal is not one of discretion, but "may" means *shall,* or *must,* and it becomes the duty of the judge to remove the cause. *Pelletier v. Saunders,* 67 N. C., 261; *Jones v. Statesville,* 97 N. C., 86; *Mfg. Co. v. Brower,* 105 N. C., 440.

Speaking to the subject in *Roberts v. Moore,* 185 N. C., 254, *Hoke, J.,* says: "While it is clear from a perusal of section 470 that this question of venue is not in the first instance jurisdictional, and may be waived by the parties, and the decisions construing the section so hold, these decisions are also to the effect that where the motion to remove is made in writing and in apt time, the question of removal then becomes a matter of substantial right, and the court of original venue is without power to proceed further in essential matters until the right of removal is considered and passed upon. And any such judgment entered before that should be set aside on motion or appeal as being contrary to the course and practice of the court. Assuredly so, then (when) the material facts alleged in support of the motion to remove are practically admitted. *Brown v. Cogdell,* 136 N. C., 33; *Mfg. Co. v. Brower,* 105 N. C., 440; *Jones v. Statesville,* 97 N. C., 86."

Upon the admitted facts and the facts found by the court, to which there is no exception, Mecklenburg County is the proper venue for the trial of this action. When the defendant duly and in proper time filed his motion in writing for the removal of this cause to Mecklenburg County it then became the duty of the court to pass upon and decide the question thus raised before proceeding further in the cause in any essential matter affecting the rights of the defendant. Pending a determination of this question the court was without authority to entertain the motion made by the plaintiff. On the admitted facts defendant's motion should have been allowed and an order removing the cause to Mecklenburg County should have been entered. By considering and allowing the plaintiff's motion in its discretion the court below, in effect, by the exercise of discretion, denied the defendant a substantial right to which he is entitled as a matter of law.

The plaintiff, if it so elects, still has the right to file its motion in the Mecklenburg Superior Court and it will then become the duty of the judge presiding to determine whether the cause should be sent back to Cumberland County for the convenience of witnesses under the second subsection of C. S., 470.

This may seem to require a circuitous method of finally determining the venue for the trial of this cause when and after the plaintiff has been heard upon its motion, if it elects to renew it, in the Mecklenburg Superior Court. Be that as it may, we are required to interpret and declare the law as it is written—not as we may think it should be.

The judgment of the court below denying the motion of the defendant must be held for error.

Reversed.