COUNTY BOARD OF EDUCATION OF GUILFORD COUNTY AND W. C. COBLE, TREASURER OF COUNTY BOARD OF EDUCATION OF GUILFORD COUNTY, v. CITY OF HIGH POINT AND IRVIN S. INGRAM, CLERK OF THE MUNICIPAL COURT OF THE CITY OF HIGH POINT.

(Filed 25 May, 1938.)

**Courts § 6b: Schools § 33: Counties § 13—**

By provision of Art. IX, sec. 5, the clear proceeds of fines collected by the clerk of a municipal court belong to the county school fund, and the clerk is not entitled to retain a percentage thereof as his fees, regardless of the provisions of public-local laws relating to his compensation.

APPEAL by defendants from *Bivens, J.,* at March Term, 1938, of GUILFORD. Affirmed.

This is a controversy without action, tried in the Superior Court of Guilford County upon an agreed state of facts, of which the following are immediately pertinent to this appeal:

The criminal division of the municipal court of the city of High Point imposed, assessed, and collected fines, from and including October, 1935, to and including September, 1937, and remitted the sum so collected, less five per cent, or the sum of $1,178.23, to the treasurer of the School Fund. The clerk of the municipal court aforesaid retained this sum as commissions due the clerk and, upon demand, refused to pay it over.

The agreed statement of facts points out chapter 659, Public-Local Laws 1913, relating to the creation of the city of High Point, and an amendment thereto—chapter 669, Public-Local Laws 1927, as follows: "The officer (the clerk) shall perform all duties in said High Point municipal court as provided in the Superior Court, and receive therefor the same fees allowed for the same service performed in the Superior Court." It was further pointed out in the agreed statement of facts that, under section 3903 of the Consolidated Statutes, fees for clerks of the Superior Court are allowed as follows: "Five per cent commission shall be allowed the clerk on all fines, penalties, amercements, and taxes paid the clerk by virtue of his office." The contention of the defendants, as stated in the agreed facts, is that chapter 569, Public-Local Laws 1913, was amended by chapter 669, Public-Local Laws 1927, and that said chapter 569 is repealed by chapter 669 where there is conflict; and that by section 5 (n) of chapter 669 the clerk of the municipal court of the city of High Point is entitled to a commission of five per cent on all fines, penalties, amercements and taxes paid by virtue of his office. It is contended further that section 3903 of the Consolidated Statutes, and chapter 669, Public-Local Laws of 1927, are not unconstitutional, and entitle the clerk to retain commissions.

The court below rendered judgment in favor of the plaintiffs, and defendants appealed.

*D. Newton Farnell, Jr., and B. L. Fentress for appellees.*
*G. H. Jones for appellants.*

SEAWELL, J. In the view taken of this case by the Court here, it is unnecessary to compare and interpret the several public-local statutes cited and quoted.

We do not think the question is an open one in this State. The Constitution of North Carolina, Article IX, section 5, provides as follows: "County school fund; proviso. All moneys, stocks, bonds, and other property belonging to a county school fund; also the net proceeds from the sale of estrays; also the clear proceeds of all penalties and forfeitures and of all fines collected in the several counties for any breach of the penal or military laws of the State; and all moneys which shall be paid by persons as an equivalent for exemption from military duty, shall belong to and remain in the several counties, and shall be faithfully appropriated for establishing and maintaining free public schools in the several counties of this State: Provided, that the amount collected in each county shall be annually reported to the Superintendent of Public Instruction."

This section was passed upon by this Court in *S. v. Maultsby,* 139 N. C., 583, and the term "clear proceeds," as there used, judicially defined: "By 'clear proceeds' is meant the total sum less only the sheriff's fees for collection, when the fine and costs are not collected in full." This case must be considered as completely determinative of the matter, and the defendants will not be allowed to retain the commissions. The judgment, therefore, must be

Affirmed.