E. W. LEWIS, L. T. HALE AND LULA E. LEWIS, TRADING AS C. G. LEWIS AND COMPANY, A PARTNERSHIP, v. E. P. SANGER, A. S. LYON, ADELAIDE LYON, F. A. GAFFNER, C. C. NEVERS, J. L. GRAHAM, G. E. GRAVES AND W. J. JANE, TRADING AS LYON MERCANTILE AGENCY OR LYON FURNITURE MERCANTILE AGENCY, A PARTNERSHIP, AND CRANFORD FURNITURE COMPANY, A CORPORATION, AND J. A. ESHELMAN.

(Filed 3 January, 1940.)

**1. Courts § 2a—**

An appeal is properly taken to the Superior Court of Guilford County from an order of the municipal court of the county granting defendant's motion to remove to the county of its residence, ch. 699, sec. 5 (j), Public-Local Laws of 1927.

**2. Venue § 1a—**

Where, at the time of hearing a motion for removal, the only parties to the suit are the nonresident plaintiffs and a resident corporate defendant, defendant's motion to remove to the county of its residence is properly allowed.  C. S., 466, 469, 470.

APPEAL by plaintiffs from *Ervin, Special Judge,* at May Term, 1939, of GUILFORD.   Affirmed.

This is an action instituted in the municipal court of the city of High Point to recover damages alleged to have been caused by the wrongful institution of an action in the State of Alabama for goods sold and delivered and by a wrongful attempt to have their creditors place the plaintiffs in bankruptcy.

The plaintiffs are a partnership and residents of the State of Alabama. The defendant Cranford Furniture Company is a North Carolina Corporation with its principal place of business in the county of Randolph. The defendant Eshelman is a resident of the city of High Point. The other defendants are a partnership trading under the name of Lyon Mercantile Agency or Lyon Furniture Mercantile Agency and are all nonresidents of the State of North Carolina. Summons was served only on the Cranford Furniture Company and Eshelman. Under special appearances the action was dismissed as to the defendants constituting the Lyon Mercantile Agency or the Lyon Furniture Mercantile Agency. A demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action as to the defendant Eshelman was sustained.

The defendant Cranford Furniture Company moved before the municipal court of the city of High Point to remove the case to the Superior Court of Randolph County, the county of its residence. This motion was allowed, and the plaintiffs appealed to the Superior Court of Guilford County. The order of removal of the High Point municipal court was affirmed by the judge of the Superior Court of Guilford County, and the plaintiffs appealed to the Supreme Court, assigning error.

*B. L. Herman and Walser & Wright for plaintiffs, appellants.*

*T. Lynwood Smith and J. A. Spence for Cranford Furniture Company, appellee.*

SCHENCK, J. The appeal was properly taken to the Superior Court of Guilford County. Subsection (j), section 5, chapter 699, Public-Local Laws 1927.

At the time the municipal court of the city of High Point heard the motion for and entered the order of removal the action instituted against the defendants Sanger *et al.,* constituting the partnership of Lyon Mercantile Agency or Lyon Furniture Mercantile Agency, had, under special appearances, been dismissed for want of service, and the demurrer filed by the defendant Eshelman had been sustained. No exception was taken to the order of dismissal or the order sustaining the demurrer. Hence, when the order of removal was heard by the municipal court the only parties before the court were the plaintiffs, nonresidents of the State, and the defendant Cranford Furniture Company, a corporation with its principal place of business in Randolph County. The Cranford Furniture Company made demand in writing for removal to the county of its residence (Randolph County, C. S., 466) before its time for answering expired. Whereupon it became the duty of the court to grant

the demand, C. S., 469, 470; *Roberts v. Moore,* 185 N. C., 254; *Jones v. Statesville,* 97 N. C., 86; *Mfg. Co. v. Brower,* 105 N. C., 440.

We see no error in the judgment of the Superior Court affirming the order of the municipal court removing the cause to Randolph County, and said judgment is therefore

Affirmed.