NELLO L. TEER COMPANY v. THE HITCHCOCK CORPORATION.

(Filed 11 June, 1952.)

**1. Venue § 3—**

   Venue is not jurisdictional and may be waived by either party, and therefore when a plaintiff brings a suit in an improper county he waives his right to have the action removed to the county of his residence. G.S. 1-83.

**2. Venue § 4a—**

Where an action on contract between two domestic corporations is instituted in a county in which neither maintains its principal place of business, motion of defendant for change of venue to the county of its residence, when the motion is made in apt time and without waiver by defendant of its rights, is properly allowed as a matter of right, and plaintiff's subsequent motion to remove to the county of its residence is properly disregarded.

**3. Venue § 4b—**

The fact that an action is removed to the county of defendant's residence as a matter of right upon its motion, does not preclude plaintiff from thereafter moving in the county to which the cause is removed for change of venue for convenience of witnesses, but such motion would be addressed to the discretion of the court.  G.S. 1-83 (2).

APPEAL by plaintiff from *Crisp, Special Judge,* February Term, 1952, of ALAMANCE.

This is a civil action to recover damages for an alleged breach of contract.  The action was instituted in the Superior Court of Alamance County by the issuance of summons on 23 November, 1951, and a copy of the summons and complaint were served on the defendant 26 November, 1951.  The complaint alleged a breach of contract by the defendant in failing to perform *in toto* a contract for the delivery of gravel and crushed stone in stated grades from a quarry site on land leased by the plaintiff and situate in Alamance County.  The defendant, according to the complaint, agreed to operate the quarry and produce for the plaintiff certain quantities of crushed stone in stated grades or classifications as set out in the contract.

The plaintiff is a North Carolina corporation with its principal office in Durham County, and the defendant is a North Carolina corporation with its principal office in Buncombe County.

On 30 November, 1951, the defendant filed its written motion for the removal of the cause to Buncombe County for trial for the reason that Alamance County was not the proper venue for the trial of the action.  Thereafter, on 4 December, 1951, the plaintiff filed a motion to the effect that if it should be determined that Alamance County was not the proper county for the trial of the action, that the action be removed to Durham County in which the plaintiff, a North Carolina corporation, maintains its principal office.

His Honor held, as a matter of law, (1) that Alamance County was not the proper county for the purpose of venue; (2) that Buncombe County was the proper venue of the action; and (3) that the defendant was entitled to have its motion allowed and the action removed to Buncombe County.  Judgment was entered accordingly.  The plaintiff appeals, and assigns error.

. *Brooks, McLendon, Brim & Holderness* and *W. P. Farthing* for plaintiff, appellant.

*Harkins, Van Winkle, Walton & Buck* and *Smith, Leach & Anderson* for defendant, appellee.

DENNY, J.   The question for determination is whether, upon the facts as disclosed by the present record, the defendant was entitled, as a matter of law, to have the action removed to Buncombe County for trial.   The answer must be in the affirmative.

G.S. 1-83 reads as follows: "If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

"The court may change the place of trial in the following cases:

"1. When the county designated for that purpose is not the proper one.

"2. When the convenience of witnesses and the ends of justice would be promoted by the change.

"3. When the judge has, at any time, been interested as party or counsel.

"4. When motion is made by the plaintiff and the action is for divorce and the defendant has not been personally served with summons."

Under our practice venue is not jurisdictional, but is only ground for removal to the proper county, if objection thereto is made in apt time and in the proper manner.   G.S. 1-83; *Wiggins v. Trust Co.,* 232 N.C. 391, 61 S.E. 2d 72; *Wynne v. Conrad,* 220 N.C. 355, 17 S.E. 2d 514; *Clark v. Homes,* 189 N.C. 703, 128 S.E. 20; *Rector v. Rector,* 186 N.C. 618, 120 S.E. 195; *Roberts v. Moore,* 185 N.C. 254, 116 S.E. 728; *Sugg v. Pollard,* 184 N.C. 494, 115 S.E. 153; *Davis v. Davis,* 179 N.C. 185, 102 S.E. 270.

McIntosh, in discussing removal of actions for wrong venue, in his North Carolina Practice and Procedure, section 295, at page 279, said: "If the demand for removal is properly made, and it appears that the action has been brought in the wrong county, the court has no discretion as to removal.   It is a right which the defendant may assert and which the court cannot deny, if properly asserted.   The word 'may' is construed 'must,' and from a refusal of the right to remove the defendant may appeal," citing *Jones v. Town of Statesville,* 97 N.C. 86, 2 S.E. 346; *Falls of Neuse Mfg. Co. v. Brower,* 105 N.C. 440, 11 S.E. 313; *Brown v. Cogdell,* 136 N.C. 32, 48 S.E. 515; *Roberts v. Moore, supra.*   Likewise, the same authority, in discussing procedure for removal, section 296, page 279, said: "This demand must be made (a) by the defendant; (b) it

must be in writing; (c) it must be before the time of answering expires; (d) and before the answer is filed."

Venue not being jurisdictional may be waived by any party, including the government. 56 Am. Jur., Venue, section 38, page 42, *et seq.; Panhandle Eastern Pipe Line Co. v. Federal Power Commission,* 324 U.S. 635, 89 L. Ed. 1241, 65 S. Ct. 128; *Industrial Ad. Asso. v. Commissioner of Int. Rev.,* 323 U.S. 310, 89 L. Ed. 260, 65 S. Ct., 289; *Wiggins v. Trust Co., supra; Wynne v. Conrad, supra; Clark v. Homes, supra.* Therefore, where an action has been brought against a defendant in an improper county, the defendant will lose his right to have such action removed to a proper county unless he demands in writing before the time for answering has expired, that the trial be conducted in the proper county. *Roberts v. Moore, supra.* Filing an answer in such action, before making a motion to remove, will constitute a waiver of any right of removal. *Trustees v. Fetzer,* 162 N.C. 245, 78 S.E. 152. Likewise, an agreement to allow the defendant additional time for filing an answer is an acceptance of jurisdiction and a waiver of the right to a removal. *Garrett v. Bear,* 144 N.C. 23, 56 S.E. 479; *Calcagno v. Overby,* 217 N.C. 323, 7 S.E. 2d 557. See also *Oettinger v. Live Stock Co.,* 170 N.C. 152, 86 S.E. 957.

In view of the fact that a defendant will have his rights determined in an action instituted in an improper county, unless he seasonably asserts his right for removal to a proper one, we hold that where a plaintiff voluntarily institutes an action in an improper county and files his complaint and obtains service on the defendant, he thereby waives his right to have the action removed to the county of his residence. In our opinion this conclusion is supported by the provisions of G.S. 1-83 and our decisions, although the precise point seems not to have been expressly determined heretofore on a factual situation identical with that presented on this appeal. *Cf. Pushman v. Dameron,* 208 N.C. 336, 180 S.E. 578; and *R. R. v. Thrower,* 213 N.C. 637, 197 S.E. 191.

In *Pushman v. Dameron, supra,* the plaintiff instituted an action in Guilford County against E. P. Dameron, administrator of Barrur H. Serunian, deceased, to recover damages for personal injuries resulting from the reckless driving of an automobile by defendant's intestate. The accident occurred near Fletcher in Henderson County and the defendant's intestate was killed. After the action had been filed and the cause was at issue, the plaintiff made a motion to transfer the action to Buncombe County for trial on the ground that the convenience of witnesses and the ends of justice would be promoted thereby. The court found as a fact that the convenience of witnesses and the ends of justice would be promoted by removal of the action to Buncombe County for trial but held it to be mandatory under the statute C.S. 465 (G.S. 1-78) that the cause be retained in Guilford County for trial. The ruling was reversed on appeal.

This Court held that while the action had to be instituted against the administrator in Guilford County, it did not have to be tried there, citing *Latham v. Latham,* 178 N.C. 12, 100 S.E. 131. *Brogden, J.,* in speaking for the Court, said: "The plaintiff was compelled to institute his action in the Superior Court of Guilford County by reason of the mandate of the statute, and his act in so doing could not therefore be imputed to him as a voluntary choice of venue so as to prevent him from lodging a motion for removal."

In the case of *R. R. v. Thrower, supra,* the plaintiff was a corporation with its principal office in New Hanover County, and the defendant was a citizen and resident of Mecklenburg County. The action was instituted in Cumberland County to recover from the defendant the amount of an unpaid check delivered by the defendant to the plaintiff. In apt time the defendant filed his motion for removal of the cause to Mecklenburg County for trial. Thereupon, the plaintiff filed a motion that the court retain the cause in Cumberland County for the convenience of witnesses as provided in C.S. 470 (now G.S. 1-83, subsection (2)). The court granted the plaintiff's motion and upon appeal the ruling was reversed. This Court held that Mecklenburg County was the proper venue for the trial of the action. In speaking for the Court, *Barnhill, J.,* said: "When the defendant duly and in proper time filed his motion in writing for the removal of this cause to Mecklenburg County it then became the duty of the court to pass upon and decide the question thus raised before proceeding further in the cause in any essential matter affecting the rights of the defendant. Pending a determination of this question the court was without authority to entertain the motion made by the plaintiff. On the admitted facts defendant's motion should have been allowed and an order removing the cause to Mecklenburg County should have been entered. By considering and allowing the plaintiff's motion in its discretion the court below, in effect, by the exercise of discretion, denied the defendant a substantial right to which he is entitled as a matter of law."

The General Assembly, by 1945 Session Laws, Chapter 141, added section 4 to G.S. 1-83, as above set out. This section gives a plaintiff the right to make a motion for removal in a divorce action, when such motion is made before the defendant has been personally served with summons. By adding this section, we think the Legislature construed the existing statute as not giving a plaintiff the right to have an action voluntarily instituted by him, in an improper county, removed to one of proper venue.

The order directing the removal of this cause to Buncombe County, as a matter of right, will be upheld.

The plaintiff, if it so elects, will have the right to file a motion in Buncombe County for removal of the cause for the convenience of witnesses under subsection (2) of G.S. 1-83, which motion, if interposed,

should be disposed of in the discretion of the court. *R. R. v. Thrower, supra.* The plaintiff, however, has no right, under its motion interposed below, either as a matter of law or in the discretion of the court, to have this cause removed to Durham County.

The judgment of the court below is
Affirmed.