CARRIE HUDSON CHILLARI, Plaintiff v. ANTHONY CHILLARI, Defendant

No. COA02-1032

(Filed 5 August 2003)

**1. Venue— waiver—objection in answer filed late**

An objection to venue was waived because it was contained in an answer which was late. N.C.G.S. § 1-83; N.C.G.S. § 1A-1, Rule 12(a)(1).

**2. Child Support, Custody, and Visitation— custody—decided before mediation**

  The trial court erred by deciding the issue of permanent custody prior to the parties' participation in mediation as required in N.C.G.S. § 50-13.1(b). The parties did not move or stipulate to waive mediation, and there was no indication that the court waived mediation on its own motion. Neither the record, the transcript, nor the order addresses the issue.

  Judge HUDSON dissenting.

  Appeal by defendant from order entered 25 February 2002 by Judge Albert Corbett in Harnett County District Court. Heard in the Court of Appeals 10 June 2003.

  *R. Allen Lytch, P.A., by Marshall Miller, for plaintiff-appellee.*

  *Williams & McNeer, P.C., by T. Miles Williams & Alice L. McNeer, for defendant-appellant.*

CALABRIA, Judge.

  Anthony Chillari ("defendant") appeals from an order granting Carrie Chillari ("plaintiff") full custody of their minor child and requiring him to pay child support but failing to grant him visitation. We vacate the order of the trial court and remand for further proceedings.

  Plaintiff and defendant were married on 6 April 2000, and their only child, Michael Paul Chillari ("the minor child") was born on 4 December 2000. On 19 November 2001, defendant took the minor child to his parents' residence in Connecticut. Although plaintiff was aware defendant planned to take the minor child out of town that day, she was unaware defendant planned on separating, moving the child to Connecticut, or seeking an order for custody of the child.

  On 20 November 2001 in the Superior Court of Connecticut, defendant was granted an *ex parte* restraining order prohibiting contact between plaintiff and the minor child. In the same court, on 30 November 2001, defendant filed a complaint for child custody, child support, and divorce. On 4 December 2001, plaintiff filed an action for custody and support of the parties' minor child in the Harnett County District Court of North Carolina and was awarded temporary custody by an *ex parte* order. A temporary custody hearing was scheduled for 18 December 2001, then rescheduled to allow the pre-

siding judges in North Carolina and Connecticut an opportunity to confer on the issue of conflicting jurisdiction. The judges agreed Connecticut lacked jurisdiction and North Carolina had jurisdiction, and defendant was ordered to return the minor child to North Carolina. Defendant complied after the Connecticut suit was dismissed.

On 12 February 2002, Chief District Court Judge Edward McCormick ordered the parties to mediate child custody and visitation pursuant to N.C. Gen. Stat. § 50-13.1. Although the parties were notified to appear on 4 March 2002, they also understood that a temporary custody hearing had been rescheduled for 14 February 2002.

The parties and their attorneys appeared in Harnett County District Court before the Honorable Albert Corbett. Defendant served his answer on plaintiff and her attorney. In his answer and at the beginning of the hearing, defendant moved for change of venue on the basis that neither party was a resident of Harnett County. The trial court held the motion to change venue in abeyance, choosing to rule on the merits of the case before considering the venue issue.

Rather than determining temporary custody until the parties attended mediation, the trial court granted plaintiff sole custody of the child and ordered defendant to pay child support. The court continued to hold the motion to change venue in abeyance and declined to rule on the issue of visitation. The court found plaintiff to be a fit and proper parent for the care and custody of the minor child. The court further found defendant was not a fit and proper parent because he had not attempted to foster a relationship between plaintiff and the minor child and had sought to exclude plaintiff from the minor child's life in contravention of the best interests of the child.

On appeal, defendant asserts the trial court erred by (I) determining permanent custody before ruling on the motion to change venue; (II) determining permanent custody despite the fact that the parties had not participated in nor waived custody mediation; and (III) determining defendant was not a fit and proper person for the care and custody of the minor child.

I. Venue

[1] Defendant asserts the trial court erred in determining permanent custody of the minor child before addressing his motion to change venue because neither party was a resident of Harnett County as required for venue and because his motion to change venue was

CHILLARI v. CHILLARI

[159 N.C. App. 670 (2003)]

timely and proper. Defendant contends the motion was timely because it was contained in the answer, and N.C. Gen. Stat. § 1A-1, Rule 12(b) (2001) requires only that a motion to change venue be made at or before the time of filing the answer.

Venue is not jurisdictional and may be waived by any party. *Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 744, 71 S.E.2d 54, 56 (1952).

If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, *before the time of answering expires*, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

N.C. Gen. Stat. § 1-83 (2001) (emphasis added). The time in which a defendant has to answer a complaint is "30 days after service of the summons and complaint upon him." N.C. Gen. Stat. § 1A-1, Rule 12(a)(1) (2001).

Defendant was served on 11 December 2001 and answered on 14 February 2002. Defendant's answer contained his motion to change venue; therefore the motion came almost two months after service of the complaint and summons, well outside the 30-day "time of answering" period. Accordingly, any objection concerning venue has been waived, and this assignment of error is overruled.

II. Mediation

[2] Defendant asserts the trial court erred in deciding the issue of permanent custody prior to the parties' participation in mediation as required in N.C. Gen. Stat. § 50-13.1(b) (2001). On 12 February 2002, the parties were ordered by Chief District Court Judge Edward McCormick to mediate child custody and visitation issues. Two days later, before the parties could comply with the mediation order, a hearing was held, and the trial court determined the issue of permanent custody.[1] Plaintiff contends defendant waived mediation by not raising it or, alternatively, the trial court impliedly

---

1. The dissent notes the record does not reflect whether the parties were aware of this order before the custody hearing; however, no party has alleged in their brief to this Court that they were unaware or had not received notice of the mediation order addressed to the parties and their counsel. Assuming *arguendo* that plaintiff had not received notice of the mediation order and also failed to raise lack of notice in her arguments to this Court, plaintiff is nevertheless bound by the statutory language and the local rules for Harnett County District Court, both of which require mediation absent waiver.

waived the mediation on its own motion by hearing the custody matter. We disagree.

North Carolina General Statute § 50-13.1(b) provides, in part, as follows:

> Whenever it appears to the court, from the pleadings or otherwise, that an action involves a contested issue as to the custody or visitation of a minor child, the matter . . . shall be set for mediation of the unresolved issues as to custody and visitation before or concurrent with the setting of the matter for hearing unless the court waives mediation pursuant to subsection (c).

Subsection (c) provides:

> For good cause, on the motion of either party or on the court's own motion, the court may waive the mandatory setting under Article 39A of Chapter 7A of the General Statutes of a contested custody or visitation matter for mediation. Good cause may include, but is not limited to, the following: a showing of undue hardship to a party; an agreement between the parties for voluntary mediation, subject to court approval; allegations of abuse or neglect of the minor child; allegations of alcoholism, drug abuse, or spouse abuse; or allegations of severe psychological, psychiatric, or emotional problems.

N.C. Gen. Stat. § 50-13.1(c). The stated goals for preferring mediation over litigation on these issues is to reduce acrimony, promote the best interests of the children, inform the parties as to the available choices and first allow them the responsibility of deciding visitation and custody issues, minimize stress and anxiety, and reduce litigation. N.C. Gen. Stat. § 50-13.1(b). In addition to this statutory language the uniform rules regulating mediation of custody and visitation disputes for judicial district 11, of which Harnett County is a part, state in all capital letters "requests for waivers of mediation will be made to and approved by the court." The local rules go on to require that "[c]ounsel or parties desiring a waiver shall complete, file and serve on the opposing party a Motion and Notice of Hearing for Exemption from Mediation." Until this is done, the rules provide that the "case will not be released from the mediation process . . . ."

The import of N.C. Gen. Stat. § 50-13.1 is clear: the court is to look first to the parties, through the process of mediation, to resolve issues of child custody and visitation. Where the parties or the record

**CHILLARI v. CHILLARI**

[159 N.C. App. 670 (2003)]

indicate there is "good cause" justifying waiver, the court may bypass mediation. However, absent such "good cause," mediation is mandatory as indicated by the use of the directive "shall," the pre-requisite of "good cause" to waiver, and the characterization of setting an action for mediation as "mandatory."[2] Our statutory interpretation is further bolstered by examining the extreme nature of the non-exclusive examples of conduct which justify a finding of "good cause" permitting waiver.[3]

In the instant case, neither the record, the transcript, nor the order addresses the issue of mediation. The parties did not move or stipulate to waive mediation, and there was no indication in the record that the court, on its own motion, waived mediation. No statutory examples of good cause for waiver of mediation were cited in the transcript or order as a justification for waiver, nor did the court raise other factors which might justify waiving mediation. There was no discussion reflecting consideration of the stated purposes of mediation or whether mediation was an appropriate alternative to litigation. In short, nothing in the record indicates contemplation of or compliance with N.C. Gen. Stat. § 50-13.1.[4] Moreover, the record is devoid of the materials and motions expressly required for compliance with the local rules established pursuant to N.C. Gen. Stat. § 50-13.1 for the regulation of mediation of custody and visitation.

For the foregoing reasons, the trial court erred in failing to honor the order requiring the parties to mediate child custody and visitation issues and in prematurely deciding these issues without allowing the parties to attempt an amicable compromise beneficial to them and the minor child. Accordingly, we vacate the order of the trial court and remand for further proceedings not inconsistent with this opin-

2. N.C. Gen. Stat. § 50-13.1(b) allows the court to waive mediation upon motion of a party or by its own motion, but it does not allow waiver to occur by default when neither the parties nor the court addresses whether good cause exists for waiver. Accordingly, defendant could not, as the dissent asserts, waive mediation merely by failing to raise it during the hearing.

3. While the trial court heard testimony of and found as fact that there had been isolated acts of domestic violence by both plaintiff and defendant, the trial court considered these facts solely for the purpose of determining what was in the best interests of the minor child and not for the purpose of determining the propriety of mediation.

4. We note from the record that plaintiff and defendant previously separated, sought mediation, and were able to work out and enter a parenting agreement granting each equal time with the minor child.

ion. Because the order of the trial court has been vacated, we need not reach defendant's third argument.

Vacated and remanded.

Judge WYNN concurs.

Judge HUDSON dissents with a separate opinion.

HUDSON, Judge, dissenting.

I do not agree that the court erred by deciding the issue of permanent custody prior to the parties having participated in mediation. Although there is an order in the record directing the parties to mediation, the order was signed and mailed to plaintiff's attorney by the judge on 12 February 2002. The record does not reflect whether the parties were aware of this order before the custody hearing, which was held on 14 February 2002. Further, by proceeding with the hearing without raising the issue of mediation, the defendant has waived this issue. Thus, I would affirm the district court, and respectfully dissent.