Aldridge v. Kiger, 2016 NCBC 83.

STATE OF NORTH CAROLINA

UNION COUNTY

DONNY CLEAMON ALDRIDGE,

   Plaintiff,

   v.

JOHN KIPPLAND KIGER, DALON
G. BASS, WILLIAM S. BLACKMON,
BLACKMON SERVICE, INC., and
WSL PROPERTY COMPANY, LLC,

   Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 1680

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER AND OPINION ON
DEFENDANTS' MOTION TO DISMISS
OR REMOVE AND PLAINTIFF'S
MOTION TO SEVER**

1. **THIS MATTER** is before the Court on the following motions: (1) Defendants' Motion to Dismiss or Remove (the "Motion to Remove") pursuant to Rule 12(b)(3) of the North Carolina Rules of Civil Procedure ("Rule(s)") and N.C. Gen. Stat. §§ 1-83(1) and 55-14-31(a); and (2) Plaintiff's Motion to Sever (the "Motion to Sever") pursuant to Rule 42(b)(1) (collectively, the "Motions"). For the reasons set forth below, the Court hereby **DENIES IN PART** Defendants' Motion to Remove to the extent it seeks dismissal of Plaintiff's action, **GRANTS IN PART** Defendants' Motion to Remove to the extent it seeks to transfer Plaintiff's action to Mecklenburg County, and **DENIES** Plaintiff's Motion to Sever.

> *Erwin, Bishop, Capitano & Moss, P.A., by Scott A. Hefner and J. Daniel Bishop, for Plaintiff.*

> *Essex Richards, P.A., by John T. Daniel, for Defendants.*

Robinson, Judge.

# I.  PROCEDURAL HISTORY

2.   The Court sets forth here only that portion of the procedural history relevant to its determination of the Motions.

3.   Plaintiff Donny Cleamon Aldridge ("Plaintiff") resides in Union County. (Compl. ¶ 1.)

4.   Individual defendants John Kippland Kiger, Dalon G. Bass, and William S. Blackmon reside in Mecklenburg County.  (Compl. ¶¶ 2–4.)  Company defendants Blackmon Service, Inc., ("Blackmon Service") and WSL Property Company, LLC, are North Carolina companies with their principal place of business in Mecklenburg County.  (Compl. ¶¶ 5–6.)  The individual defendants and company defendants are collectively referred to herein as "Defendants."

5.   On June 28, 2016, Plaintiff commenced this action in Union County by filing his Complaint.  The Complaint brings the following claims: (1) breach of majority's fiduciary duty; (2) majority's constructive fraud; (3) equitable compulsion of dividends; (4) breach of directors' fiduciary duty; (5) corporate waste; (6) directors' constructive fraud; (7) punitive damages; and (8) judicial dissolution of Blackmon Service.

6.   On August 19, 2016, the parties filed their Case Management Report pursuant to Rule 17.2 of the General Rules of Practice and Procedure for the North Carolina Business Court ("BCR").

7.   On August 29, 2016, the Court issued a Notice of Conference, scheduling a case management conference for September 7, 2016.

8. On September 6, 2016, Defendants filed their Answer, Motion and Counterclaims, and their brief in support of the Motion to Remove. The Motion to Remove seeks dismissal or transfer of the action from Union County to Mecklenburg County on the ground that Union County is an improper venue for Plaintiff's judicial dissolution claim. (Defs.' Answer, Mot. and Countercls. 16–17.)

9. On September 7, 2016, the Court held a case management conference. At the conference, Defendants consented to the Court entering a case management order pending full briefing and consideration of the Motion to Remove filed the day before. The Court entered a Case Management Order on September 19, 2016.

10. On September 29, 2016, Plaintiff filed the Motion to Sever and brief in support of such motion and in opposition to the Motion to Remove. The Motion to Sever seeks—to the extent the Motion to Remove is allowed—to sever the judicial dissolution claim from Plaintiff's remaining claims so that only the judicial dissolution claim is transferred to Mecklenburg County, and Plaintiff's other claims remain in Union County. (Pl.'s Mot. to Sever ¶ 6.)

11. On October 10, 2016, Defendants filed their brief in opposition to the Motion to Sever and replying to Plaintiff's brief in opposition to the Motion to Remove.

12. On October 24, 2016, Plaintiff filed his brief replying to Defendants' brief in opposition to the Motion to Sever.

13. The Motions are now ripe for resolution and, pursuant to BCR 15.4(a), the Court decides the Motions without hearing or oral argument.

## II. ANALYSIS

14. The Court notes at the outset that North Carolina case law is clear that a motion to dismiss based on improper venue made pursuant to Rule 12(b)(3) shall be treated as a motion to transfer, rather than a motion to dismiss. *Coats v. Sampson Cty. Mem'l Hosp., Inc.*, 264 N.C. 332, 334, 141 S.E.2d 490, 492 (1965) (holding that the lower court correctly treated defendant's motion to dismiss based on improper venue as a motion for change of venue); *Roberts v. Adventure Holdings, LLC*, 208 N.C. App. 705, 711, 703 S.E.2d 784, 788 (2010) (stating that even though the defendant's motion to dismiss based on improper venue did not request a change of venue, "our precedent requires that the motion be treated as such"). Here, the Motion to Remove expressly requests that the action be dismissed or removed based on improper venue; however, the Motion to Remove will be treated solely as a motion to change venue in accordance with North Carolina case law.

15. Defendants argue that this action must be transferred to Mecklenburg County because Union County is an improper venue. Plaintiff argues that if the Court grants the Motion to Remove, the Court must grant the Motion to Sever the judicial dissolution claim from Plaintiff's other claims and transfer only the judicial dissolution claim to Mecklenburg County. Plaintiff's argument, however, assumes that the Court considers the Motions simultaneously.

16. Addressing first the sequence in which the Court must consider the two Motions, the case law in North Carolina is clear that when a defendant makes a proper motion to remove as a matter of right, "the question of removal then becomes

a matter of substantial right, and the court of original venue is without power to proceed further in essential matters until the right of removal is considered and passed upon." *Atl. Coast Line R.R. Co. v. Thrower*, 213 N.C. 637, 639, 197 S.E. 197, 198–99 (1938) (holding that the trial court erred when it denied defendant's motion to transfer the action to the proper venue and granted plaintiff's subsequently filed motion to retain the action for the convenience of the witnesses); *see also Casstevens v. Wilkes Tel. Membership Corp.*, 254 N.C. 746, 751, 120 S.E.2d 94, 97 (1961) (stating that the trial court erred in simultaneously considering defendant's motion to transfer as a matter of right and plaintiff's subsequently filed motion to amend); *Nello L. Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 745, 71 S.E.2d 54, 57 (1952); *Little v. Little*, 12 N.C. App. 353, 356, 183 S.E.2d 278, 280 (1971).

17.    Here, Defendants filed the Motion to Remove based on improper venue as a matter of right, and thereafter Plaintiff filed the Motion to Sever. As a result, the Court is required to consider and rule on the Motion to Remove before it may consider the Motion to Sever.

A.    Motion to Remove

18.    Change of venue is governed by N.C. Gen. Stat § 1-83.  Although section 1-83(1) states that a court "may" change venue when the county designated is not the proper one, North Carolina case law is clear that "may" is construed in this specific context as "must." *Nello L. Teer Co.*, 235 N.C. at 743, 71 S.E.2d at 56; *Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 122, 535 S.E.2d 397, 401–02 (2000).  More specifically, "[i]f the demand for removal

is properly made, and it appears that the action has been brought in the wrong county, the court has no discretion as to removal." *Nello L. Teer Co.*, 235 N.C. at 743, 71 S.E.2d at 55–56; *Thompson*, 140 N.C. App. at 122, 535 S.E.2d at 401–02.

19.     Pursuant to N.C. Gen. Stat. § 55-14-31(a), "[v]enue for a proceeding to dissolve a corporation lies in the county where a corporation's principal office . . . is or was last located." N.C. Gen. Stat. § 55-14-31(a).

20.     Here, Plaintiff brought this action in Union County and asserts a claim for judicial dissolution of Blackmon Service pursuant to N.C. Gen. Stat. § 55-14-30.   It is undisputed that Blackmon Service's principal place of business is located in Mecklenburg County.  Thus, it is clear that Union County is an improper county, and upon Defendants' Motion to Remove, the action must be transferred to Mecklenburg County.  Therefore, the Motion to Remove must be granted to the extent it seeks to transfer the action.

B.     <u>Motion to Sever</u>

21.     Plaintiff argues that if Defendants' Motion to Remove is granted, the Court is required under Rule 42(b)(1) to sever the judicial dissolution claim from Plaintiff's remaining claims, and that only the judicial dissolution claim may be transferred to Mecklenburg County for improper venue.  Rule 42(b)(1) provides that "[t]he court *may* in furtherance of convenience or to avoid prejudice and *shall* for considerations of venue upon timely motion order a separate trial of any claim[.]" N.C. Gen. Stat. § 1A-1, Rule 42(b)(1) (emphasis

added). Plaintiff argues that the Motion to Sever the judicial dissolution claim, in the circumstances here, is based on considerations of venue, and thus Rule 42(b)(1) requires that claim—but only that claim—to be severed and litigated in Mecklenburg County.

22. "When a cause is directed to be removed, . . . *all other proceedings* shall be had in the county to which the place of trial is changed . . . ." N.C. Gen. Stat. § 1-87(a) (emphasis added). Because all claims were brought in a single action in Union County, and Union County is an improper venue for the judicial dissolution claim, the entire action must be transferred to Mecklenburg County. Therefore, Plaintiff's Motion to Sever the judicial dissolution claim, so that only the judicial dissolution claim is transferred to Mecklenburg County, must be denied.

### III. CONCLUSION

23. **THEREFORE**, for the foregoing reasons, Defendants' Motion to Remove this action to Mecklenburg County is **DENIED IN PART** to the extent it seeks to dismiss Plaintiff's action, and **GRANTED IN PART** to the extent it seeks to transfer Plaintiff's action to Mecklenburg County. Plaintiff's Motion to Sever is **DENIED**. The Union County Clerk of Superior Court is hereby ordered to transfer the case file in this matter to the Mecklenburg County Clerk of Superior Court and to file a certification attesting to such transfer within thirty days of this Order and Opinion. The case caption shall hereafter

reflect the case number assigned to this case by the Mecklenburg County Clerk of Superior Court.

SO ORDERED, this the 3rd day of November, 2016.


/s/ Michael L. Robinson
_____
Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases